Commonwealth ex rel. *v.* Kline et al., Appellants.

Argued November 27, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. A. Welsh,* County Solicitor, and *W. H. Unger,* with them *Francis F. Reamer* and *Marlin S. Unger,* for appellants.—The legislature did not intend the repeal of the Act of 1917, P. L. 221, by the Township Code and it considered this act still in force for the reason that the Act of 1917, P. L. 221, was amended by the Act of 1923, P. L. 171, wherein so much of the 1917 Act as related to boroughs was repealed, the remainder of the act continuing in force.

As appellee continued to exercise the duties of two incompatible offices, there was a vacancy in the office to which he was last chosen, to wit: treasurer, and, under these circumstances, appellants had the power and authority to make the appointment.

*Charles C. Lark,* for appellee.—It is the settled policy of the law to have all school, borough, township and other local taxes collected by a single tax collector elected by the people of the local districts, and where a person has been appointed to fill a vacancy in the office of tax collector and has complied with all the conditions of such act (1885), he is entitled to have the tax duplicates and the collector so appointed may enforce his right to receive such certificate or warrant by mandamus: Com. v. School Dist., 256 Pa. 50; Buttorff v. York City, 268 Pa. 143; Manchester Twp. Tax Collector, 2 D. & C. 129; North Strabane Twp. Tax Collector, 1 D. & C. 229; Huber, Tax Collector v. Weakland, 7 D. & C. 501; Com. v. R. R., 53 Pa. 62; Leedom v. Allen, 52 Pa. Superior Ct. 529; Cornman v. Higginbotham, 227 Pa. 549; McKeown's Petition, 237 Pa. 626.

Appellee has right to mandamus: Com. v. School Dist., 256 Pa. 50; Com. v. Lyter, 162 Pa. 50; Com. v. Wilkins, 271 Pa. 523.

OPINION BY MR. JUSTICE SIMPSON, January 7, 1929:

The county commissioners of Northumberland County appeal from a judgment awarding a peremptory manda-

mus requiring them to deliver to the township treasurer of Coal Township in that county, a duly executed warrant authorizing him to collect, within the township, the state and county taxes for 1928. In the court below they set forth three reasons why the mandamus should not be awarded: (1) Because it is not an appropriate remedy. This contention seems to be wisely abandoned now, since it is not included in nor suggested by the statement of questions involved (Keck v. Vandyke, 292 Pa. 532), and the point is no longer an open one: Com. ex rel. v. Lyter, 162 Pa. 50; Com. ex rel. v. Duquesne Boro. School Dist., 256 Pa. 50. (2) The township treasurer, though holding the office, was not duly elected thereto, a matter we have decided adversely to the view of these appellants, in Com. ex rel. v. Snyder, in an opinion filed herewith, 294 Pa. 555. And (3) A tax collector appointed by themselves, and not the township treasurer, was entitled to the warrant and to collect the taxes. This, though undecided in the opinion referred to, is not difficult of solution.

Prior to the passage of the Act of May 28, 1907, P. L. 273, such taxes, in townships of the first class—as Coal Township was and is—were collected by a tax collector appointed by the county commissioners; but that statute provided for their collection by the township treasurer, and added, it is the "purpose and intent of this act that no tax shall be collected, in any township of the first class of this Commonwealth, save only by the treasurer of the said township." The General Township Act of July 14, 1917, P. L. 840, repealed the Act of 1907, supra, but this did not result in restoring the office of township tax collector, not only because section 3 (page 842) expressly says it shall not have that effect, but because also section 274, (page 869) further provides that "The township treasurer in townships of the first class, by virtue of his office as treasurer, shall be tax collector. He shall collect all State, county, township, school, poor,

and other taxes, within such township of the first class, levied by authorities empowered to levy taxes."

In an attempt to overcome this clear statutory provision, appellants point to the earlier Act of May 17, 1917, P. L. 221, which stipulates that, in boroughs and townships, if any "vacancy shall occur in the office of tax collector......by death, resignation or otherwise [as was the situation when this township treasurer was appointed], the county commissioners......shall fill such office by appointing a suitable person......for the unexpired term"; and to section 1501 of the General Township Act (page 998), which says that "this act shall not repeal or modify......any of the provisions of any Act of Assembly......adopted at the session of the General Assembly of 1917......prior to the passage of this act." Because of the provision last quoted, they contend that the earlier statute was given priority of right, and, as it was broad enough to cover the filling of a vacancy in the office of collector of taxes in all classes of townships, their appointee was the only one entitled to collect them in this township. That is an erroneous conclusion.

The section was evidently inserted for the purpose of avoiding a contention that the elaborate provisions of the General Township Act showed it was intended to furnish a complete and exclusive system in regard to the government of townships, and hence all earlier statutes, whether passed at that or previous sessions of the legislature, were repealed by implication (Fort Pitt B. & L. Assn. v. Model Plan B. & L. Assn., 159 Pa. 308; Murdoch v. Biery, 269 Pa. 577) ; a rule specifically applied to the General Township Act in Jefferson Co. v. Rose Twp., 283 Pa. 126, 132, where, however, the import of section 1501 was not being considered. But that section can have no other or greater purpose. The general rule still remains that where two apparently incongruous statutes are passed at the same session of the legislature, they must, if possible, be so construed as to give due effect to each of them: White v. City of Meadville, 177

Pa. 643; Lincoln v. National Tube Co., 268 Pa. 504; Cresson Boro. v. Seeds, 286 Pa. 288. Here this can be done by applying the code provision to townships of the first class, to which alone it relates, and by applying the provision of the earlier general statute to all other townships than those of the first class. This is, indeed, the invariable rule whenever a conflict exists between specific and general provisions appearing in the same constitution, statute or agreement: Buckley v. Holmes, 259 Pa. 176, 188; Phila. v. Com., 270 Pa. 353; McCoach v. Phila., 273 Pa. 317, 321.

The judgment of the court below is affirmed.