## In re Collector of Taxes for Pulaski Township

*Martin & Martin,* for petitioners; *Charles R. Davis,* for respondent.

CHAMBERS, J., March 10, 1931.—This case was argued before the court *in banc.* The petition was presented by two of the supervisors of Pulaski Township, asking for the removal of Emma W. Knox as Collector of Taxes for Pulaski Township. The rule was answered by Emma W. Knox and the Commissioners of Lawrence County; the parties then agreed upon the following facts:

1. Pulaski Township, Lawrence County, Pennsylvania, is a township of the second class.

2. H. H. Knox was elected tax collector at the election held in November, 1929.

3. H. H. Knox died November 23, 1930.

4. At the time of his death, H. H. Knox had collected all but $3756 out of approximately $13,100 shown by the duplicate.

5. Emma W. Knox was appointed by the Commissioners of Lawrence County on December 5, 1930, to fill the vacancy caused by her husband's death.

6. This appointment was made at the written request of fifteen residents of Pulaski Township.

7. At the time of filing the petition on which this rule was granted, Emma W. Knox had not filed any proper bond as Tax Collector of Pulaski Township in the Court of Quarter Sessions of Lawrence County.

8. On February 19, 1931, Emma W. Knox presented her bond in legal form to the court of quarter sessions and the same was approved.

9. Her oath of office was filed February 13, 1931. The following stipulation and agreement was entered into:

"It is therefore agreed that, if, upon these facts, the court shall be of the opinion that the county commissioners had legal authority to make said appointment and that Emma W. Knox has complied with the law relating to the filing of her oath of office and giving bond, then this rule shall be discharged, otherwise it shall be made absolute."

This case is a rather puzzling one, the difficulty arising in the apparent conflict of two acts of assembly passed at the same session of the legislature. The Act of May 17, 1917, P. L. 221, provides that vacancies in the office of tax collector in townships and boroughs shall be filled by appointment by the county commissioners. The Act of July 14, 1917, P. L. 840, known as The General Township Act, provides that in townships of the first class the township treasurer shall, by virtue of his office, collect all taxes, including state, county, township, school, poor and other taxes (section 264), and that vacancies in the office of treasurer shall be filled by the township commissioners of first class townships (section 131). It also provides that, in townships of the second class, any vacancy in the office of tax collector shall be filled by appointment by the court of quarter sessions (section 183). The code further provides in the last section of the act, being section 1501: "Nor shall this act repeal or modify any of the provisions of any act of Assembly amendatory of law in force at the time of the passage of this act, or otherwise adopted at the session of the General Assembly of one thousand nine hundred and seventeen, whether such acts were adopted prior to the passage of this act or shall be adopted subsequent to the passage of this act." The petitioners contend that the appointment in this case was unwarranted; that, notwithstanding the language in section 1501 of the code, the express provision in the code for the appointment of tax collectors, when vacancies occur in townships of the second class, by the court of quarter sessions, being in direct conflict with the earlier Act of May 17th, the Act of May 17, 1917, is repealed by implication.

This is the position taken by two courts of common pleas in construing these acts. In the case of North Strabane Township's Tax Collector, 1 D. & C. 229, Judge McIlvaine writes a very strong opinion holding that when the legislature chose to pass two acts of assembly at the same session of the legislature wholly inconsistent, it was not within the power of the legislature to inject into the last act a clause that would be binding upon the courts to the extent that they might not apply the ordinary rules of construction and declare that a subsequent act wholly inconsistent with a former one repealed

by implication the prior act, and he holds that as to townships of the second class the Act of July 14, 1917, is in force, and that vacancies in the office of tax collector in such townships should be filled by the court of quarter sessions.

In Manchester Township Tax Collector, 2 D. & C. 129, Judge Searle reaches the same opinion.

Since the two cases mentioned above have been decided, however, the Supreme Court has had these two acts before it for consideration as they relate to township treasurers in townships of the first class.

In Com., ex rel., v. Kline et al., 294 Pa. 562, a vacancy in the office of township treasurer was filled by the township commissioners in accordance with the provisions of The General Township Act of July 14, 1917. The relator contended that the vacancy should have been filled by the county commissioners in accordance with the Act of May 17, 1917. The opinion of the Supreme Court, written by Mr. Justice Simpson, sets forth that the Act of May 28, 1907, P. L. 273, abolished the office of tax collector in townships of the first class and provided for the collection of taxes in first-class townships by the township treasurer; that the Act of July 14, 1917, did not change this situation, but expressly provided the contrary, referring to section three, page 842, and section 274, page 869; that, since there was no such office as tax collector in first-class townships, the Act of May 17, 1917, does not apply to them. Further, in speaking of the effect of section 1501 in The General Township Act, the court says:

"The section was evidently inserted for the purpose of avoiding a contention that the elaborate provisions of the General Township Act showed it was intended to furnish a complete and exclusive system in regard to the government of townships, and hence all earlier statutes, whether passed at that or previous sessions of the legislature, were repealed by implication."

Holding this, then, to be the effect of section 1501, the court further says:

"The general rule still remains that where two apparently incongruous statutes are passed at the same session of the legislature, they must, if possible, be so construed as to give due effect to each of them."

Applying this last rule to the two statutes before us, the court further says:

"Here this can be done by applying the code provisions to townships of the first class, to which alone it relates, and by applying the provision of the earlier general statute to all other townships than those of the first class."

While the language here used would seem to settle the matter, the petitioners contend that, in holding the general statute in force as to all townships other than first-class townships, the court is not deciding any question then before it and the language is only obiter dictum. While it is true that the court was only deciding which statute applied to treasurers of first-class townships, yet we feel that the court was not unmindful of the fact that the code provided for the appointment of tax collectors by the court of quarter sessions in case of vacancies in second-class townships, but that the effect of section 1501 was to prevent the provisions of the code from becoming operative on account of the Act of May 17, 1917.

As we see it, the power of the General Assembly is supreme in the field of legislation within its constitutional limits. It was about to pass an act very comprehensive in its scope and which, as passed, covered 158 pages of the pamphlet laws. It recognized that in such a comprehensive act there might be provisions dealt with specifically by it in other bills. If such were the case, the legislature desired to give effect to those matters which had been dealt with specifically outside of the code. To insure this, section 1501 was added to the code. We see no reason why the legislature might not do this. And having done so, we see no reason why a court should not be bound

by its provision and say, as the act itself says, that the provision of the code, that vacancies in the office of tax collector in second-class townships shall be filled by appointment by the court of quarter session's, did not repeal or modify the Act of May 17, 1917, whereby such vacancies are to be filled by the county commissioners, and that the Act of May 17, 1917, is in force and the provisions of section 182 of the code are inoperative.

The appointment of Mrs. Emma W. Knox as Tax Collector of Pulaski Township was, therefore, regularly made.

While it was the duty of Mrs. Knox to take and file her oath of office and present her bond for approval before entering upon her duties, that has now been done. It further appears that before entering upon her duties she filed what she thought was a proper bond with an approved surety company as her surety with the supervisors. This shows her desire and willingness to comply with the law. At any rate, she has now taken and filed her oath of office and has had approved and filed a proper bond, and there now seems to be no impediment in the way of her proper performance of her duties.

Having thus disposed of the matters submitted to us for disposition upon the agreed facts, we make the following

*Order*

Now, March 10, 1931, the rule issued on the petition presented in this case is discharged and the petition dismissed.

From William McElwee, Jr., New Castle, Pa.