## Palmer's Appeal.

### In re Approval of Department of Internal Affairs of the Increase of Debt of Allegheny Co., for Public Auditorium.

Argued January 6, 1932.  Before SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*William A. Magee,* with him *B. J. Jarrett,* for appellant.—In the Act of April 20, 1874, P. L. 65, and its numerous amendments and supplements, the legislature has wisely and prudently thrown out many safeguards to protect taxpayers and bond purchasers against the improvidence and negligence of administrative methods in increasing municipal indebtedness. Compliance with the procedure laid down is mandatory: Hoffman v. Pittsburgh, 229 Pa. 36.

The Act of 1929 did not validate the irregular proceedings: Whitehaven Boro. v. Pub. Ser. Com., 80 Pa. Superior Ct. 536; Rochester B. & L. Assn. v. Water Co., 68 Pa. Superior Ct. 122; Scranton Ry. v. Fiorucci, 66 Pa. Superior Ct. 475.

The court below concluded in affirming appellee's fourth request for conclusion of law "that the records filed by the commissioners of Allegheny County with the department of internal affairs" contained all the necessary papers "and are a sufficient compliance with the acts of assembly of Pennsylvania to justify the approval given by the department of internal affairs."

This record, as a whole, speaks for itself, and requires little comment. The department did not have before it, certified by the proper municipal authority, the president of the board, that "complete and accurate copy of the proceedings had for the incurring or increasing" of the county indebtedness for a public auditorium. The president of the board made no certification of the proceedings, upon which approval No. 286 was given as required by the third section of the Act of March 31, 1927, P. L. 91.

*John G. Frazer,* with him *Mortimer B. Lesher* and *Reed, Smith, Shaw & McClay,* for E. V. Babcock, one of the Commissioners of Allegheny County.—The questions

raised by the appeal are principally in connection with immaterial matters of form and do not relate to matters of substance. They cover only matters relating to the counting of the votes and the certification of the papers. If the procedure in connection with these matters was not in accordance with the provisions of the statutes, the mistakes, if any, have been corrected and the proceedings have been validated by an Act of Assembly approved March 1, 1929, P. L. 50.

Retrospective acts of assembly are not forbidden by the Constitution: Grim v. School District, 51 Pa. 219; Hewitt's App., 88 Pa. 55; Swartz v. Boro., 237 Pa. 473.

*Ralph H. Smith* and *Thomas E. Whitten*, for Charles C. McGovern, one of the appellees.

OPINION BY MR. JUSTICE SCHAFFER, May 9, 1932:

The question to be disposed of on this appeal is whether the department of internal affairs properly approved proceedings for the issuance of bonds of the County of Allegheny, where the objections to their approval relate to errors in the election proceedings authorizing the incurring of the indebtedness, which errors have been cured by a subsequent validating act (Act of March 21, 1929, P. L. 50). The Court of Common Pleas of Dauphin County determined that the department properly approved the bonds. We conclude likewise.

The proceedings arise under a petition of a taxpayer of Allegheny County who had appealed from the action of the department in approving an issue of bonds by the county in the sum of $1,500,000, the proceeds of which were to be used in the purchase of a site for a public auditorium. The petition was presented to the Common Pleas of Dauphin County under the Act of April 11, 1929, P. L. 516. The issue of bonds was authorized by popular vote. That a large majority of the electors voted for it is not questioned. The total sum authorized by the voters for the project is $6,000,000 covering the

purchase of land and the erection of the building. We are now concerned only with the approval of $1,500,000 of the issue. Under the Act of March 31, 1927, P. L. 91, the department of internal affairs is required to examine the proceedings and to approve or disapprove the same according to whether or not they are in conformity with the constitution and the law. The county commissioners submitted their proceedings to the department, as the act provided, and it approved them.

The principal argument of appellant's counsel is that an increase of municipal indebtedness not founded upon proceedings strictly in conformity with the Act of April 20, 1874, P. L. 65, cannot be validated by a curative act against a contrary legislative policy (evidenced by Act of March 31, 1927, P. L. 91) laid down prior to such curative act and supplemented subsequent thereto (by the Act of April 11, 1929, P. L. 516). This argument we think loses sight of the broad principle that the municipalities of the state are its creatures and agencies (Penna. Co. v. Pittsburgh, 226 Pa. 322, 331; Valley Rys. v. Harrisburg, 280 Pa. 385, 395; Worcester v. Street Ry. Co., 196 U. S. 539, 548; Trenton v. New Jersey, 262 U. S. 182, 189) and that the state can work its will upon them in such manner as it pleases, provided the legislation so doing does not transcend constitutional limitations. Pursuing his line of argument, it is alleged by appellant's counsel that the validation act is in direct conflict with the department of internal affairs act and that later in the session of 1929, the legislature enacted a supplement to the department act (Act of April 11, 1929, P. L. 516) and, as we understand the argument, thereby continued in force all the requirements of the 1927 act, irrespective of the validating act. We are not impressed with this contention. We think the two acts can be read together, one directing the secretary of internal affairs as to the procedure to be had before him and the other curing defects which may be remedied. "Statutes enacted at the same session of the

legislature should receive a construction, if possible, which will give effect to each. They are within the reason of the rule governing the construction of statutes in pari materia. Each is supposed to speak the mind of the same legislature, and the words used in each should be qualified and restricted, if necessary, in their construction and effect, so as to give validity and effect to every other act passed at the same session:" White v. Meadville, 177 Pa. 643, 651, quoting Smith v. People, 47 N. Y. 330; Com. ex rel. v. Kline, 294 Pa. 562. The legislature can waive technical violations of its statutes. The Act of 1927 does not prevent the passing of curative acts.

The first specific error to which attention is called in appellant's brief is that the record of the count of the election does not show in what court the judges sat who counted the returns. The papers on file in the department do show that the judges making the count were designated to do so by the judges of the Court of Common Pleas of Allegheny County. The judges signed their return of the count as "Return Judges." It is argued that the judges were neither a de jure court nor a de facto court, that they were nothing more than private citizens, that they did not certify either as judges of the common pleas or quarter sessions and that they were not detailed to the quarter sessions in the manner provided by the Act of May 4, 1865, P. L. 842, and the Act of February 27, 1875, P. L. 62, that, under the Act of April 7, 1925, P. L. 171, the authority to count the vote is the court of quarter sessions and merely describing themselves as judges appointed by the court of common pleas and not bearing the character of a court in the performance of the acts certified by them to the clerk of the quarter sessions, the principles of de facto exercise of jurisdiction cannot be applied to them, citing Clark v. Com., 29 Pa. 129; Campell v. Com., 96 Pa. 344, and Coyle v. Com. 104 Pa. 117. Appellant gives no weight in this contention to article v, section 9, of the Constitution, providing that judges of the common pleas shall be judges of the quarter

sessions. It will be presumed, under familiar legal principles, without any validating act, that judges designated to perform such a duty as the one we are considering perform it in the capacity which clothes them with authority. When added to this is the curative effect of the validating act, the position of appellant becomes entirely untenable: Swartz v. Carlisle Boro., 237 Pa. 473.

It is also set up that the returns were not filed in the office of the prothonotary of the common pleas as required by the Act of July 2, 1839, P. L. 519, section 80. If such requirement exists in view of the later legislation, this inadvertence was cured by the validating act.

It is said that the Act of March 31, 1927, P. L. 91, requires a certificate of all the proceedings by the president of the board of county commissioners to be made to the department of internal affairs and that such certification was not made. Whatever oversight there may have been as to this, the validating act cured. The testimony would seem to indicate that there had been such a certificate which had been mislaid. Such a certificate accompanied the supplemental proceedings.

Complaint is made that the certificate of result of the election issued by the clerk of the quarter sessions was not recorded in the minutes of the board of commissioners, in accordance with the Act of 1925, P. L. 171, supra. It was, however, filed with the bureau of elections of the commissioners' office and was certified by them to the department. This is specifically covered by the validating act.

It is also said that the so-called "desire resolution" is not certified by the president of the board of commissioners as the act requires, but by its chief clerk, with an additional certificate of the clerk of the quarter sessions. It is argued that the Act of 1927 does not authorize approvals by the department of internal affairs on the certificate of copies of proceedings by the clerk of courts, but by that of the president of the board. In this connection, as well as in connection with other highly tech-

nical objections raised to the papers filed in the department of internal affairs, we desire to be understood as laying down the rule that municipal loans otherwise regular ought not to be avoided by irregularities and mistakes made in the papers filed in the department which can be corrected by the filing of proper certificates and papers. Such mistakes and irregularities ought to be corrected before approval is granted. It could not have been intended by the legislature that mistakes and oversights in filing papers in the department should upset proceedings otherwise carried through as the law provides. These observations apply to the circumstance that the president of the board certified the election result, although the certificate thereof by the clerk of the quarter sessions was not recorded on the minutes of the board.

Objection is made that no valuation and debt statement was on file at the proper time and it is averred that certain other certificates and affidavits do not comply with the legal requirements. The validation act cures all these discrepancies. That statute (March 21, 1929, P. L. 50) provides: "All proceedings and elections heretofore had and held by any county......to increase its indebtedness......where the majority of votes cast at such election was in favor of the increase of indebtedness, be and the same are hereby ratified, confirmed and made valid notwithstanding the authorities of such county,......did not......signify their desire for such increase of indebtedness......and notwithstanding full, complete, and proper return of the votes was not made to the proper court or counted by the court; and notwithstanding that a record showing the results was not made and certified by the clerk of said court to the proper authorities of such district or municipality;...... and notwithstanding any defect or informality in the manner of holding, mode of conducting or giving notice of such election, or in the form of the ballot......All of the bonds, securities, and obligations issued or to be

issued in pursuance of every such election are hereby made valid and binding obligations of every such county. ......" Such an act is a valid exercise of legislative power: Swartz v. Carlisle Boro., 237 Pa. 473. Other objections are stated which in our view are of such a minor nature that they need not be specifically adverted to.

The order of the court below is affirmed at appellant's cost.