Williamsport Poor District et al., Appellants, *v.* Lycoming Co.

Argued October 3, 1932. Before FRAZER, C. J., SIMP-SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Herbert R. Carroll,* with him *Charles F. Greevy* and *John E. Cupp,* for appellant.—The Act of 1925 by impli-

cation repeals the Act of 1921. A special and restricted statute must give way to a general statute covering and relating to the same subject-matter as the general statute: Dunmore Boro. Election, 299 Pa. 517; Com. v. Curry, 285 Pa. 289.

The proceedings were not valid; statutory directions must be strictly followed: Westfield Boro. v. Tioga Co., 150 Pa. 152; First Congressional Dist. Election, 295 Pa. 1.

The Act of 1921 contravenes the 5th and 14th Amendments to the Constitution of the United States: Pittsburgh v. Bell Co., 277 Pa. 135.

*Mortimer C. Rhone,* with him *Dan D. Kline,* County Solicitor, for appellee.—Legislation not inconsistent and incompatible with the Act of 1925 is not repealed: Com. v. Reese, 293 Pa. 398.

The act is not unconstitutional: Wetherill v. R. R., 195 Pa. 156.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1932:

This proceeding arises out of the circumstance that, when the County of Lycoming determined to establish a county poor district in lieu of districts then existing within the confines of the county, its commissioners did not purchase the property of the poor district of the City of Williamsport for the use of the county district. We are asked to wreck the whole scheme of the establishment of the county unit district, for which land and other property has already been purchased by the county, because the Williamsport property was not bought. Very compelling reasons would have to be brought to our attention before we would do so.

The reasons assigned as set forth by appellants in the statement of the questions involved are these: (1) The Act of May 12, 1921, P. L. 538, under which the steps to establish the county poor district were taken, had been

repealed by the Act of May 14, 1925, P. L. 762. (2) The proceedings were instituted on the petition of "registered voters" rather than on that of electors as provided by the Act of 1921, if it was in force. (3) If the Act of 1921 was in force, its provisions were not complied with in the certification of the result of the election. (4) The Act of 1921 contravenes the Fifth and Fourteenth Amendments to the Constitution of the United States.

Has the Act of 1925 repealed the Act of 1921? The latter is entitled "An act providing for county poor districts in counties of the sixth class," etc. Lycoming County is in this class. It provides for an election to determine whether a county district shall be created. It further provides, upon establishment of a county poor district, for the transfer of property owned by existing poor districts to the township, borough or city composing the superseded district.

The Act of 1925 is the General Poor Relief Act. It provides in section 200 that each county in the Commonwealth is created a poor district, with the exception, among others, of the County of Lycoming "so far as relates to the territorial subdivision thereof into districts." In section 202 it sets forth that the poor district system shall be preserved in excepted territory in this language: "In the counties of [among others Lycoming] the number of directors, overseers, and authorities in charge of said districts, the manner of their election or appointment, and the administrative system of giving poor relief shall continue as now vested by law, but all of said poor districts shall for all other purposes be subject to the provisions of this act." Section 601 provides that the act shall apply generally throughout the Commonwealth "including the districts made territorial exceptions in section two hundred hereof." Section 8 reads: "The provisions of this act shall supersede and prevail over any previous enactments, ordinances, regulations, and rules found to be inconsistent or incompatible herewith." There is no general repealing section or lan-

guage in the statute. We said in Com. v. Reese, 293 Pa. 398, that the language last quoted is an explicit recognition that statutes not inconsistent with the Act of 1925 are to remain in force. What was said in that opinion about the confusion in poor laws might well be repeated. We have reached the conclusion that the Act of 1921 is in force so far as the matters covered by this appeal are concerned.

It is true that the petition presented to the commissioners of Lycoming County, signed by more than two thousand persons, requesting the commissioners to submit to the electors of the county the question of establishing a county poor district, set forth that the petitioners were "registered voters" and did not style them "electors" as the Act of 1921 provides. We think it may be said that "registered voters" are necessarily electors within the terms of the act, but if there is doubt as to this, the affidavits attached to the petitions show that the petitioners were qualified electors of the county.· There is no contention by appellants that the signers were not in fact electors. There is nothing, therefore, in this objection.

It is said that no proper certificate of the result was made by the return board. Objections of this kind do not weigh very heavily with us: Palmer's App., 307 Pa. 426. The act provides that if a majority of the persons voting at the election are in favor of the establishment of a county poor district, the result of the election shall be certified by the returning board to the county commissioners and shall be entered upon their minutes. The return board adjourned without certifying the result of the vote. The president judge, however, in a certificate attested by the prothonotary of the county, certified to the counting of the vote in open court and to the result thereof, that 8,987 votes were cast in favor of the proposition and 5,022 against it. These figures are not disputed. We think under the circumstances of the case

this sufficiently met the requirements of the act: Com. v. Kelly, 255 Pa. 475; Fish's Election, 273 Pa. 410.

It is somewhat difficult to follow the line of thought with which appellants advance their contention that the Act of 1921 contravenes the Fifth and Fourteenth Amendments to the Constitution of the United States. They insist that this is so because the act vests the title of the property of the poor district of the City of Williamsport in that city after the county unit is set up and the city district done away with. It is said that this is taking the property of one and giving it to another. This overlooks the fact that the poor district was an agency of the municipality performing part of its governmental duty, the care for the poor. When the poor district passed out of the picture, it is difficult to conclude where its property should go, if not to the city which had created and supported it. Sight is also lost of the principle that all the municipal divisions of the State are creatures of the legislature: Palmer's App., supra. The power of the State over its municipal corporations is not restrained by the Fourteenth Amendment: Trenton v. New Jersey, 262 U. S. 182; Risty v. Chicago, R. I. & P. Ry. Co., 270 U. S. 378. In this connection, the Act of May 28, 1931, P. L. 208, confronts appellants who do not refer to it in their brief. It provides that "The several city, borough, township, and other poor districts as now existing in said County of Lycoming......are hereby abolished as and when the county district is fully organized and ready to receive and care for the poor of said local poor districts as provided in the act to which this is an amendment [the Act of 1925]." As the Williamsport poor district is abolished, its property naturally reverts to the city by which it was owned. The residents and taxpayers of the Williamsport poor district are identical in person and interest with the residents and taxpayers of the City of Williamsport. They contribute to each in the same proportions. When the city authorities turn the poor

district property into cash, the proceeds will go into the city treasury. This is manifestly proper and just.

The decree of the court below is affirmed at appellants' cost.