## Citizenship of Teachers

RUTTER, Deputy Attorney General, March 26, 1941.—
You have requested us to advise you of the effect of section 1301 of the Act of May 18, 1911, P. L. 309, as amended by the Act of June 24, 1939, P. L. 794, 24 PS §1221, and section 1202 of the same act, as amended by the Act of July 1, 1937, P. L. 2577, 24 PS §1122, upon certain situations.

Specifically, you desire to know:

1. What is the effect of section 1202 of the Act of May 18, 1911, as amended, supra, upon the contract of a

teacher who, at the time the amendment to section 1202 became effective, was employed under the provisions of the Act of April 6, 1937, P. L. 213?

2. Does section 1301 of the Act of May 18, 1911, as amended, supra, forbid the renewal of a certificate to a teacher not a citizen of the United States, but who had obtained a certificate before the amendment of June 24, 1939, became effective?

3. Under section 1317 of the Act of May 18, 1911, P. L. 309, as amended by the Act of May 29, 1931, P. L. 243, 24 PS §1351, does the Superintendent of Public Instruction have authority to issue a permanent college certificate to a person who has been teaching under a provisional college certificate, and who has met all the requirements of said section, but who is not a citizen of the United States?

We shall take up and answer your questions seriatim.

1. Section 1202 of the Act of May 18, 1911, P. L. 309, 24 PS §1122, was as follows:

"Every teacher employed to teach in the public schools of this Commonwealth must be a person of good moral character, and must be at least eighteen years of age."

The amendment of July 1, 1937, P. L. 2577, changed section 1202 so that the same now reads as follows:

"Every teacher employed to teach in the public schools of this Commonwealth must be a person of good moral character, must be at least eighteen years of age, and must be a citizen of the United States; Provided, however, That citizenship may be waived in the case of exchange teachers not permanently employed, and teachers employed for the purpose of teaching foreign languages."

The language of section 1202, as amended, supra, is clear and positive. There is no mistaking its intent and purpose. No teacher may be employed to teach in the public schools of the Commonwealth unless that teacher is a citizen of the United States, or unless the teacher comes within the exceptions of the proviso.

You desire to be advised whether a teacher who is not a citizen of the United States and who is under contract with a school district under the provisions of the Act of April 6, 1937, P. L. 213, is relieved for the duration of his contract of the requirement of being a citizen of the United States. The Teachers' Tenure Act of April 6, 1937, P. L. 213, amends sections 1201, 1205, 1205-A, 1214, and 1215 of the School Code of May 18, 1911, P. L. 309; repeals sections 1204 and 1208 of the said School Code, and provides in section 6 thereof that no contract in effect upon the date of its enactment shall be terminated except in accordance with the provisions of the act. The effective date was April 6, 1937.

The form of contract provided in the Tenure Act differed from that formerly required between school districts and teachers. The old form provided for renewal from year to year, unless terminated at the end of any term by either party by 60 days' notice. The district could terminate it without cause. The new form permits termination only for stipulated causes. The Tenure Act further states that no contract in effect at its enactment may be terminated except in accordance with the act's provisions. The causes, so far as this inquiry is concerned, for termination were given as immorality, incompetency, cruelty, wilful and persistent negligence, mental derangement, and persistent and wilful violation of the school laws.

Education is a governmental function, and the power of the legislature over it cannot be fettered, bargained away, or extinguished by the legislature: Teachers' Tenure Act Cases, 329 Pa. 213 (1938). Consequently no legislature can set up an educational policy which future legislatures cannot change; and all matters such as contracts bearing on education or legislative determinations of school policy are subject to future legislative control: Teachers' Tenure Act Cases, supra. Contracts between teachers and school districts are, therefore, always subject to change or regulation by future legislatures; and

changes, if made by the legislature, do not result in unconstitutional impairment of such contracts: Id. It follows that neither teachers nor school districts have any rights in their contracts which cannot constitutionally be altered by the legislature.

The result inescapably follows, also, that the legislature can change the qualifications required of a teacher in the public schools of the Commonwealth, and if it does so any persons presently teaching in its schools cannot be heard to complain. If, by different requisite qualifications established by the legislature, a teacher becomes no longer qualified, his remedy is to become qualified. If he fails so to do, and his dismissal results, such dismissal is not the arbitrary sort against which the Tenure Act was meant to protect him. See Wilson et ux. v. Philadelphia School District et al., 328 Pa. 225 (1937).

It would appear to be well settled that the State has plenary power to prescribe a curriculum for educational institutions which it supports. It would seem that the power of the State would extend also to complete regulation of the qualifications of teachers who teach in its schools. See Meyer v. Nebraska, 262 U. S. 390, 43 Supreme Ct. 625, 67 L. ed. 1042, 29 A. L. R. 1446 (1923) ; Pierce, etc., et al., v. Society of Sisters, 268 U. S. 510, 45 Supreme Ct. 571, 69 L. ed. 1070, 39 A. L. R. 468 (1925) ; and Minersville School District et al. v. Gobitis et al., 310 U. S. 586, 84 L. ed. 1375 (1940).

It is our opinion, therefore, that when the General Assembly, by the Act of July 1, 1937, P. L. 2577, amended section 1202 of the Act of May 18, 1911, P. L. 309, it added to the causes for lawful termination of teachers' contracts the lack of United States citizenship.

It may be noted here that the Tenure Act became effective April 6, 1937, the date of its approval by the Governor; and that the 1937 amendment to section 1202 of the School Code of 1911, requiring citizenship, was approved July 1, 1937, and became effective September 1, 1937. The Act of May 17, 1929, P. L. 1808, was amended by the

Act of June 10, 1935, P. L. 293, 46 PS §155 (since repealed by the Statutory Construction Act of May 28, 1937, P. L. 1019). The Acts of April 6, 1937, P. L. 213, and July 1, 1937, P. L. 2577, are, of course, in pari materia; and they are, therefore, to be construed together, if possible, as one law: In re Palmer's Appeal, 307 Pa. 426 (1932).

It is possible to construe the aforesaid acts together, as we have already demonstrated. The requirement of citizenship, of course, became effective only from and after September 1, 1937; but from and after that date it became a positive qualification of anyone who wished to teach in the public schools of the Commonwealth.

2. Section 1301 of the Act of May 18, 1911, P. L. 309, as amended by the Act of June 24, 1939, P. L. 794, 24 PS §1221, is as follows:

"Every teacher in the public schools of this Commonwealth must hold a provisional, professional or State certificate, which shall set forth the branches which its holder is entitled to teach, and which shall be issued as herein provided; but no teacher shall teach, in any public school in this Commonwealth, any branch which he has not been properly certified to teach.

"A certificate to teach shall not be granted or issued to any person not a citizen of the United States, except in the case of exchange teachers not permanently employed and teachers employed for the purpose of teaching foreign languages."

This act became effective from and after September 1, 1939: Statutory Construction Act, supra.

The foregoing language is also clear and positive. The word "shall" is mandatory. See Ehret v. Kulpmont Borough School Dist., 333 Pa. 518 (1939). A certificate to teach *shall not* be granted or issued to one not a United States citizen, with specified exceptions. None of these exceptions provides that a noncitizen already in possession of a certificate may be granted one, or a renewal of the one already possessed. Inclusio unius est exclusio alterius.

It follows that no certificate to teach may be granted (except to exchange teachers and teachers of foreign languages) to anyone not a citizen of the United States. From the foregoing discussion under question no. 1, herein, it also follows that one already in possession of a certificate on September 1, 1939, and who was not then a United States citizen, and who has not since become one, has no right to a renewal of his certificate. The object and educational policy of the legislature were to require *all* teachers to be United States citizens, not just new teachers.

3. The same reasoning applies to question no. 3. The language of section 1317 of the Act of May 18, 1911, P. L. 309, as amended by the Acts of May 20, 1921, P. L. 1041, and May 29, 1931, P. L. 243, 24 PS §1351, is as follows:

"The Superintendent of Public Instruction shall issue a permanent college certificate to every graduate of a college or university approved by the State Council of Education of the Commonwealth of Pennsylvania, and of such departments therein as are approved by him, when such graduate furnishes satisfactory evidence of good moral character and successful experience of three years' teaching in the public schools of this Commonwealth on a provisional college certificate, and has completed such work in education as may be approved by the State Council of Education, which certificate shall entitle its holder to teach without further examination."

Under the foregoing provision, when a graduate of an approved college or university furnishes satisfactory evidence of good moral character and successful experience of three years' teaching in the public schools on a provisional college certificate, and has completed other required work, the Superintendent of Public Instruction shall issue to such teacher a permanent college certificate which entitles its holder to teach without further examination. However, one of the requirements which must be read into this provision is that of the citizenship required by section 1301 of the Act of 1911, as amended, supra.

It follows that one who is teaching under a provisional certificate under section 1317 of the Act of 1911, as amended, supra, and who is not a citizen, must become a United States citizen before a permanent college certificate may be issued to him. Such teacher has no absolute right to such certificate; he has not yet received it; and before he can, he must comply with the requirement of citizenship.

Indeed, after September 1, 1939, the effective date of the amendment to section 1301 of the Act of 1911, supra, even a provisional certificate to teach in the public schools may not be issued to one who is not a citizen of the United States; and if a provisional certificate has been issued to a teacher not a United States citizen prior to September 1, 1939, after said date and until such teacher becomes a United States citizen, said certificate is no longer valid.

We are of the foregoing opinion despite the language of Scheibner v. Baer, 174 Pa. 482 (1896), wherein it was said that a certificate granted to a teacher is a license to pursue a certain avocation [sic] which, without such license, he could not pursue, and that the right, during the period for which the certificate is granted to him, is a valuable property right. The court goes on to say that a teacher cannot be deprived of this certificate except by *judicial* proceeding. In view of the other and later authorities herein cited, and in view of the fact that the Scheibner case has not been followed on the specific question involved, that case cannot be considered as controlling in our present discussion, nor can it be considered as valid authority contrary to our conclusions herein expressed; for we have concluded that, in the matters here dealt with at least, what the legislature has given, the legislature may take away.

It is our opinion, therefore, and you are accordingly advised:

1. A teacher, other than an exchange teacher or one employed to teach foreign languages, who, on April 6, 1937, the effective date of the Teachers' Tenure Act of

April 6, 1937, P. L. 213, was under contract with a public school district of this Commonwealth, and who was not at such time a citizen of the United States, is no longer protected by such contract, and is no longer qualified to teach in the public schools of the Commonwealth until he has become a United States citizen.

2. Section 1301 of the School Code of May 18, 1911, P. L. 309, as amended by the Act of June 24, 1939, P. L. 794, precludes the renewal of a certificate to teach in the public schools of the Commonwealth of any person who is not a citizen of the United States, on and after September 1, 1939.

3. Since September 1, 1939, the effective date of the amendment of June 24, 1939, P. L. 794, to section 1301 of the School Code of May 18, 1911, P. L. 309, the Superintendent of Public Instruction has had no authority to issue a permanent college certificate to anyone who is not a citizen of the United States.