Cumberland Valley Savings and Loan
Association, Appellant, *v.* Myers.

Argued May 28, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Thomas P. Mikell*, with him *William T. Windsor, Jr., Harold S. Irwin*, and *Saul, Ewing, Remick & Saul*, and *Irwin, Irwin & Irwin*, for appellant.

*Mark T. Milnor*, with him *William G. Watson*, for State Capital Savings and Loan Association, appellee.

*Sidney Margulies*, Deputy Attorney General, with him *Anne X. Alpern*, Attorney General, for Secretary of Banking, Department of Banking and Building and Loan Board, appellees.

OPINION BY MR. JUSTICE BELL, June 30, 1959:

Cumberland Valley Savings and Loan Association appealed from the Order of the Department of Banking which denied its application to establish a branch in the vicinity of 32nd Street and Trindle Road, Camp Hill, Cumberland County. Shortly thereafter, Cumberland Valley appealed from an Order of the Building and Loan Board of the Department of Banking which approved the action of the Department of Banking

which had approved an application of State Capital Savings and Loan Association of Harrisburg, Dauphin County, to establish a branch in a proposed Camp Hill Shopping Center, which was to be located at 32nd Street and Trindle Road, Camp Hill, Cumberland County.

The two appeals were heard together by this Court, and will be decided in this opinion.

Building and Loan or Savings and Loan Associations, unlike their older and bigger cousins, Banks, and Banks and Trust Companies, and Trust Companies were authorized to establish branches for the first time in 1953.* The "Building and Loan Code" of 1933** was then amended by Act of December 30, 1955, P. L. 925, §2, 15 PS Sup. §1074-204.1.*** Both the "Building and Loan Code" and the "Banking Code" must be construed, as the Legislature undoubtedly intended, in pari materia with the "Department of Banking Code", Act of May 15, 1933, P. L. 565. Cf. *Palmer's Appeal,* 307 Pa. 426, 161 A. 543; *Cresson Borough v. Seeds,* 286 Pa. 288, 295, 133 A. 501; *White v. Meadville,* 177 Pa. 643, 35 A. 695; *Commonwealth ex rel. v. Kline,* 294 Pa. 562, 144 A. 750; Statutory Construction Act, May 28, 1937, P. L. 1019, Art. IV, §62, 46 PS §562.

Because the 1955 amendments are so recent, and the amendment to the Building and Loan Code is in some respects far from clear, confusion has arisen among all the parties (1) as to the interpretation of these Acts; and (2) the powers of the Department of Banking, and of the Building and Loan Board; and (3) what orders are reviewable by this Court; and (4)

---

* Act of July 27, 1953, P. L. 613, §2.

** Act of May 5, 1933, P. L. 457, §204.

*** The Banking Code of May 15, 1933, P. L. 624, was similarly amended by Act of December 30, 1955, P. L. 920, by adding a new §204.1, pertinently §204.1B.

the nature of review on appeal. We shall, therefore, review at some length these amendatory Acts, as well as their application to the facts in these appeals.

## Cumberland Valley

Cumberland Valley Savings and Loan Association has its principal office in Cumberland County. It was incorporated May 10, 1906; its assets at the present time exceed $10,000,000, and its aggregate reserves and undivided profits exceed five per centum thereof. On January 21, 1957, Cumberland Valley's application to establish a *branch* office in the Borough of Lemoyne, Cumberland County, was granted. Within six months, viz., on July 1, 1957, this Association filed an application for a second branch office in the vicinity of 32nd Street and Trindle Road, Camp Hill, Cumberland County, 1.6 miles from the location of its first branch office. After investigation and hearing, this application was *disapproved* by the Department of Banking on August 23, 1957, for two reasons: (1) there was no need, and (2) the Department was of the opinion that the branch could not generate sufficient business to operate at a profit there and at Lemoyne, and therefore the establishment of this second branch office at the time of the application would be harmful to the interests of the shareholders, and would be prejudicial to the safe and sound conduct of the Association's business.

On September 9, 1957, State Capital Savings and Loan Association, whose principal office is in Harrisburg, Dauphin County, filed its application with the Department of Banking for a branch office in the vicinity of 32nd Street and Trindle Road, Camp Hill, Cumberland County. Cumberland Valley, by letter dated October 11, 1957, objected to State Capital's ap-

plication for this branch office, and requested reconsideration of its own application, which, we repeat, had been denied on August 23, 1957. The Department of Banking wrote Cumberland Valley on October 14, 1957, advising it that it was reviewing its study of the need for building and loan services in that area. By letter dated November 15, 1957, the Department of Banking advised Cumberland Valley that it had reviewed its application for a branch at the aforesaid location and concluded that its disapproval thereof was proper. The Department also advised Cumberland Valley in and by this letter that it had approved the application of State Capital for a branch at the aforesaid location. Cumberland Valley contends that the action of the Department of Banking in each case was arbitrary, unwarranted, grossly discriminatory, unjustifiable and illegal.

On February 6, 1958, Cumberland Valley took an appeal from the Department's letter of November 15, 1957, disapproving its branch in Camp Hill—within three months from the Department's letter of November 15, 1957; but took no appeal from the (disapproval) Order dated August 23, 1957. The Department of Banking, contending the appeal should have been taken from the Department's Order of August 23, 1957, moved to quash this appeal because it was not "taken within three calendar months from the entry of the sentence, order, judgment or decree appealed from . . ."; Act of March 12, 1925, P. L. 32, §4.

Section 204B of the Act of December 30, 1955, P. L. 925, which amended the Building and Loan Code of 1933, authorizes any association to establish branches, with the *prior approval* of the Department *and of the Building and Loan Board* in any city, borough or township located in the same county (or in a contiguous county) in which the principal place of business of the applicant is located. No such branches shall be estab-

lished unless the association has aggregate assets of at least $1,000,000 and aggregate reserves and undivided profits equal to at least five per centum thereof. The applicant is then required (by Section 204B) to file its application with the Department of Banking, irrespective of whether the proposed branch is within the county or in a contiguous county. Section 204B then provides that if the Department finds upon investigation that "there is *a need** for the [contemplated] services or facilities, . . . it shall *approve* such application and forward it to the Building and Loan Board for review; . . . and the Board, after such additional investigation or hearing as it may deem advisable, shall either approve or disapprove the action of the Department . . . and [its] decision shall be binding upon the Department." It will instantly be noted that the Department of Banking is directed to approve an application for a branch if it finds that there is a need for the contemplated services or facilities (and that all requirements of this section have been complied with). However, (1) there is no specific provision authorizing the Department to disapprove such branch,** and (2) there is no specific or clear provision as to the powers or duties of the Building and Loan Board in the event of the Department's *disapproval.*

Because of this omission and the consequent ambiguity of this part of Section 204B of the Building and Loan Code, we must turn to and consider the Depart-

---

* Italics throughout, ours.

** Section 204.1B of the Banking Code (Act of December 30, 1955, pages 920, 922-3), specifically provides that the *Department* shall *disapprove* the application for a branch in the same city, borough or village in which the principal place of business is located, if the branch has not met the requirements of this section or there is not a need for banking services or facilities such as are contemplated for such branch.

ment of Banking Code in connection with the problems here presented.

Section 201 of the Department of Banking Code gave the Department "the power to supervise . . . (2) all building and loan associations authorized to transact or transacting business in this Commonwealth . . .".

Section 202 as amended July 3, 1957, P. L. 463, provides: "General Scope of Supervision; Exercise of Discretion. A. In addition to the powers and duties provided for in this act, the department shall exercise any power and fulfill any duty imposed upon it by any other law of this Commonwealth. Except where otherwise specifically provided, the department shall enforce and administer all laws of this Commonwealth which relate to any institution, and shall exercise such *general supervision* over institutions *as will afford the greatest possible safety* to depositors, other creditors and *shareholders* thereof, *insure the safe and sound conduct of the business of such institutions,* conserve their assets, maintain the public confidence in such institutions and protect the public interest."

The language of this Court's opinion in *Delaware County National Bank v. Campbell,* 378 Pa. 311, 106 A. 2d 416, is equally applicable in this case (page 314): "The Department of Banking was created not to manage or operate a bank but to supervise a bank, and to be a watchdog in the interests of depositors, creditors, shareholders and of the community in general."

It appears strange that §204 of the Building and Loan Code specifically requires the Department of Banking *and* the Building and Loan Board to find a *need* for the contemplated services or facilities in the event of the Department's *approval,* but no such standard, or indeed any standard, is specifically prescribed in the event of the Department's *disapproval* of an application for a branch within the same county. Never-

theless, construing the Building and Loan Code and the Department of Banking Code together, it seems reasonable to interpret these Acts to mean that the Legislature by necessary implication intended the same standards for disapproval as for approval. We therefore, hold—considering the Building and Loan Code as amended and the Department of Banking Code together —(1) the *Department of Banking may disapprove* an application of a building and loan association for a branch within any city, borough or township in the same county in which the principal place of business is located, if (a) the association does not have the required aggregate assets and aggregate reserves, or (b) the association fails to prove that there is a need for the contemplated services or facilities of such branch, or (c) the proposed branch will jeopardize instead of safeguarding the applicant's shareholders and the sound conduct of its business.

The general rule is well settled that a motion for a rehearing or the allowance of a rule for reargument or for a rehearing, will not have the effect of tolling an appeal statute where no stay of proceedings has been granted pending the Court's or the administrative body's decision thereon: *Baily Petition,* 365 Pa. 613, 618, 76 A. 2d 645; *Fenerty Disbarment Case,* 356 Pa. 614, 619, 52 A. 2d 576; *Commonwealth v. Irwin,* 345 Pa. 504, 29 A. 2d 68. This statute is applicable; its limitation of three months for an appeal is, in the absence of fraud, mandatory; consequently this appeal of Cumberland Valley which had to be taken from the Department's letter of disapproval dated August 23, 1957, must be quashed: *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 104 A. 863; *Schrenkeisen v. Kishbaugh,* 162 Pa. 45, 29 A. 284; *Singer v. Delaware, Lackawanna & Western R. R. Co.,* 254 Pa. 502, 98 A. 1059; *Harris v. Mercur,* 202 Pa. 313, 51 A. 969.

State Capital

State Capital Savings and Loan Association was incorporated in 1897 and is the oldest and largest association of its kind in Pennsylvania. Its assets exceed $61,000,000, and its aggregate reserves and undivided profits exceed five per centum thereof. Its principal office is in Harrisburg, Dauphin County. Cumberland Valley Savings and Loan Association opposed (below and here) the application of State Capital for a branch office in the aforesaid Camp Hill community, contending (a) that the Department of Banking had already found—less than a month before State Capital applied for this branch—that there was no need for such a branch, and the approval of State Capital's branch would constitute (and did constitute) an arbitrary and gross discrimination; and (b) that the Department was *compelled* to prefer an in-county branch to an out-of-county branch; and (c) that the approval of the Building and Loan Board for State Capital's branch would be (and was) a gross abuse of discretion.

The Department of Banking after investigation and hearing approved State Capital's application for a branch in Camp Hill. The Building and Loan Board likewise approved this application after hearing. Cumberland Valley thereupon took this appeal.

## Review on Appeal

The Order of the Building and Loan Board approving State Capital's branch in Camp Hill, Cumberland County, was subject to appeal, and such appeal is considered by this Court in the nature of a broad certiorari:* *Delaware County National Bank v. Campbell,*

---

* Section 501B of the Department of Banking Code, and *Swank v. Myers, Secretary of Banking,* 386 Pa. 331, 126 A. 2d 267, where this Court allowed an appeal in the nature of a narrow certiorari,

*Secretary of Banking*, 378 Pa. 311, 106 A. 2d 416; *Philadelphia Saving Fund v. Banking Board*, 383 Pa. 253, 118 A. 2d 561; *Dauphin Deposit and Trust Co. v. Myers, Secretary of Banking*, 388 Pa. 444, 448, 130 A. 2d 686.

Notwithstanding the contention of State Capital, there is no restriction with respect to appeal in the case of an approval or disapproval by the Building and Loan Board of a branch, either in the Building and Loan Code or in the Department of Banking Code or in the Banking Code. In *Delaware County National Bank v. Campbell, Secretary of Banking*, 378 Pa., supra, this Court specifically decided (1) that there is no provision in either the Banking Code or the Department of Banking Code which prohibits an appeal or judicial review from an Order entered by the Banking Board in approving a branch bank, and (2) that an appeal from such an Order is in the nature of a broad certiorari, and (3) that the Banking Board will not be reversed if there is adequate evidence to support its findings of fact and the conclusions drawn therefrom, and the proceeding is free from error of law, and there has been no clear abuse of discretion.

In *Philadelphia Saving Fund Society v. Banking Board*, 383 Pa., supra, this Court once again dismissed a motion to quash, and again held (1) that this Court has jurisdiction to review on a broad certiorari a final Order of the Banking Board approving or disapproving an application for a branch office, and (2) that the test in this Court is whether the evidence supports

---

are clearly inapposite and distinguishable. See *Delaware County National Bank v. Campbell*, supra. The *Swank* case involved the removal of a bank officer and director under a separate clause in Section 501B of the Department of Banking Code, which expressly provides that the decision of the Banking Board shall be conclusive and not subject to any review.

the Board's findings, and whether the findings justify the Board's conclusions. In that case this Court reviewed the evidence and held that the Banking Board's disapproval of the application for a branch office was arbitrary and unwarranted, and must be reversed.

The evidence presented by State Capital was adequate to support the Board's findings and conclusions, and its approval of the proposed branch office in Camp Hill, on the West Shore of Cumberland County. The West Shore of Cumberland County is largely residential, and is growing very rapidly both in population and in new housing and residential units. As of September 9, 1957, State Capital had $4,464,000 of share capital from the West Shore, and held $1,165,000 of mortgages on properties in West Shore. During the prior year, State Capital received from West Shore $837,000 in new share capital and $528,800 in new mortgage loans. The convenience of the proposed branch office to these and future shareholders and borrowers in Camp Hill is obvious, and we are convinced that the *need* for this branch office for loan services and facilities was demonstrated by the evidence.

Cumberland Valley is correct when it contends that the Department of Banking cannot arbitrarily deny or arbitrarily grant an application for a proposed branch office, nor can it prefer one association over another because of friendship. It is not correct, however, when it contends that it is *mandatory* upon the Department of Banking to *disapprove* an application for a branch in a contiguous county if an in-county association has notified the Department of its bona fide intention to establish a branch in the same city, borough or township in which the proposed branch of the out-of-county association is to be located. The interpolated proviso in §204B upon which Cumberland Valley relies provides "that the Department in its *sole*

*discretion* may disapprove an application" of an out-of-county association where the in-county association intends to establish a branch. The words "in its sole discretion" must be construed in connection with the amendment to the Department of Banking Code by Act of July 3, 1957, P. L. 463, §202B, which provides:

"B. Whenever under this act, discretion is vested in the department or any board thereof as to whether, or the manner in which, to exercise a power or fulfill a duty, the department or board shall, after such examination or investigation as it shall deem appropriate under the circumstances, exercise such discretion in such a manner as it shall deem necessary to insure the safe and sound conduct of the business of any institution subject to its supervision, conserve its assets, maintain public confidence in the business of such institutions and protect the public interest and the interest of depositors, other creditors and shareholders thereof."

It is clear that the Department's discretion cannot be arbitrary, and that its disapproval in such a case is not subject to review by the Building and Loan Board, although it is subject to review by this Court.

Under the record in this case in which the Building and Loan Board approved State Capital's application for this branch office in Camp Hill, we find no arbitrary action, or abuse of discretion, or error of law.

The Order of the Building and Loan Board in approving the branch office for State Capital Savings and Loan Association is affirmed.

Mr. Justice McBride took no part in the consideration or decision in this case.