**Walker v. Scholl**

*Kain, Kain & Brown,* for plaintiff.

*John F. Rauhauser, Jr.,* for defendant.

ATKINS, P. J., December 11, 1961.—These two cases were tried together before a board of arbitrators under the provisions of the Act of June 16, 1836, P. L. 715, as amended.

The arbitrators, in the case in which the Walkers were plaintiffs, made an award finding in favor of defendant, Barbara Scholl.

In the case in which John E. Scholl is plaintiff, the arbitrators entered an award finding in favor of plaintiff and against defendants, Beverly D. Walker and Barbara Ann Scholl. Although it is not particularly pertinent in this opinion, we desire to point out that the arbitrators failed to make any finding with regard to defendant, Richard H. Walker. We suggest that arbitrators should be careful to make findings with regard to all the parties in any action when it is tried before them.

The awards of the arbitrators were made June 3, 1960. On June 20, 1960, counsel for the Walkers addressed a letter to counsel for the Scholls, advising that he intended to file appeals from the award of the arbitrators in both cases and asked counsel for the Scholls to agree to extension of time beyond the 20 days allowed by the act of assembly in which to complete the filing of appeals. This letter was acknowledged and agreed to by counsel for the Scholls, although the date of the acknowledgment does not appear in the record.

Thereafter, on July 29, 1960, counsel for the Walkers filed an appeal under the caption of both of the

above cases on behalf of Richard H. Walker and Beverly D. Walker. No mention was made in the appeal as to whether it was intended also to be for the benefit of Barbara Ann Scholl in the case in which she was an additional defendant. It would appear that it would have been better practice to file a separate appeal in each of these cases rather than to consolidate the two cases for appeal purposes.

At the time the appeal was filed, a bond was filed as required by the Act of 1836, supra, and the prothonotary was paid $75 to cover the fees of the arbitrators. No costs were paid.

On June 15, 1961, a complaint was filed in the case in which the Walkers were plaintiffs, and in the other case a rule was issued to John E. Scholl requiring him to file a complaint in the case in which he is plaintiff, and on that date the costs were paid.

On July 3, 1961, counsel for John E. Scholl filed a motion to quash the appeals alleging as the reasons therefor:

1. That the costs were not paid at the time the appeal was filed;

2. That no complaint was filed in the case in which the Walkers are plaintiffs;

3. No rule to file a complaint in the case in which John E. Scholl is plaintiff.

Section 27 of the Act of 1836, as amended by the Act of March 15, 1956, P. L. (1955) 1279, sec. 1, 5 PS §71, sets forth specifically five requirements for the perfecting of an appeal from an award of arbitrators as follows:

1. The party appellant, his agent or attorney, shall make an oath or affirmation that the appeal is not for the purpose of delay but because he believes an injustice has been done;

2. That all costs that have accrued must be paid;

3. That a recognizance must be filed if the appellant

is a plaintiff to guarantee that he shall pay all costs that shall accrue in consequence of the appeal, and, if a defendant, that he shall pay all costs that may accrue in consequence of the appeal together with the sum or value of the property or thing awarded by the arbitrators with $1, for every day that shall be lost by plaintiff in attending to such appeal;

4. That such appeal shall be entered, the costs paid and the recognizance filed within 20 days after the entry of an award of the arbitrators on the docket, and

5. That the fees of the board of arbitrators shall be paid to the county not to exceed 50 percent of the amount in controversy.

In addition to these statutory requirements, rule 25 of the local rules of this court require that in actions referred to arbitrators by agreement of reference, an appeal, if taken by plaintiff, shall be accompanied by complaint and, if taken by defendant, shall be accompanied by a rule to file a complaint.

While we have some doubt concerning the ability of counsel by agreement to extend the time for filing an appeal beyond the 20 day period provided by the statute, we do not expressly rule upon this phase of the case.

The law does seems clear, however, that the statutory requirements for taking an appeal must be strictly complied with. The Supreme Court in Schrenkeisen v. Kishbaugh, 162 Pa. 45, said:

"It is well settled that the payment of all the taxed costs is a condition precedent to an appeal from an award of arbitrators, and the rule has even been held to extend to a stenographer's fees made part of the costs by agreement of the parties. . . ."

In Ostat v. Schoff, 22 D. & C. 2d 488, an appeal was stricken when the costs were not paid within the 20 day period. In Elfenbein v. Schilbez, 17 D. & C. 2d 113, an appeal was filed within 20 days after the award of

the arbitrators but no bond was filed. A bond was filed after the expiration of the 20-day period. The plaintiffs then moved to strike off the appeal, and the court in that case granted the motion.

The Supreme Court, in speaking of appeals to that court, has said statutes requiring appeals to be taken within three calendar months from the entry of the sentence, order, judgment or decree appealed from, are mandatory in the absence of fraud: Cumberland Valley Savings and Loan Association v. Myers, 396 Pa. 331. From these authorities, it is clear that the law with regard to filing appeals must be strictly complied with.

We are asked in this case to overlook this requirement of the law because, prior to the filing of the motion to strike the appeal, there had been compliance with all of the statutory requirements as well as with our own rule of court. We are, therefore, asked to put our stamp of approval upon the failure to complete the perfection of the appeal for a period of one year and 12 days from the date of the award of the arbitrators simply because the other party did not attempt to take advantage of the deficiency in the procedure earlier on the theory that the other party has not been harmed. To adopt this argument would be to encourage dilatory practices on the part of counsel and would encourage delays in the ultimate disposition of litigation. It could result in parties being required to litigate matters years after the cause of the action arose when witnesses would be unavailable and their memories dimmed.

It is true there have been cases where slight deficiencies in the procedure for taking an appeal from an award of arbitrators have been overlooked by the courts, but in all of those cases the deficiencies were corrected promptly and the delay was very brief. See Smedley v. Montgomery Construction Company, 9 D.

& C. 2d 721; Temple v. Hurd, 22 D. & C. 2d 144; Stanley Distributing Company v. Fetterhoff, 69 Dauph. 60.

We, therefore, conclude that the motion to quash these appeals must be granted, and accordingly we enter this order which shall be recorded by the prothonotary in the docket in each of these cases:

And now, December 11, 1961, it is ordered adjudged and decreed that a motion to quash the appeal from the award of the arbitrators in the above case be and is hereby sustained and the appeal quashed.

An exception is granted to appellants.