First Federal Savings and Loan Association
of Bellevue, Appellant, *v.* Myers.

Argued January 21, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*William H. Markus,* with him *Gilbert E. Morcroft,* for appellants.

*Frederic G. Antoun,* Deputy Attorney General, with him *David Stahl,* Attorney General, for Secretary of Banking and Commonwealth, appellees.

*M. L. Moore, Jr.,* with him *J. R. Van Kirk,* and *Tener, Van Kirk, Wolf, Moore and Forsyth,* for Economy Savings and Loan Association, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 19, 1963:

The Building and Loan Board approved the application of The Economy Savings and Loan Association of Greater Pittsburgh to move its principal office a distance of 2½ miles from 1433 Woods Run Avenue, in the City of Pittsburgh, Allegheny County, to 683 Lincoln Avenue, Bellevue Borough, in the same County. The Association does not plan to retain its present office as a branch office—hence no question of a branch office is involved. The application was opposed by three Building and Loan Associations whose offices were in the neighborhood of 683 Lincoln Avenue.

The Building and Loan Board, after an investigation, held a hearing at which the protestants were given an opportunity to present evidence and arguments against the proposed application. We note parenthetically that the owners of 33,347 shares voted to approve a change of location and the owners of only

245 shares voted against. The Building and Loan Board (a) made findings of fact and concluded, inter alia, that the applicant had satisfied all the relevant provisions of the Building and Loan Code of 1933, as amended in 1955 and in 1959,* and (b) approved Economy's application for a change of location. The three protestants thereupon took this appeal.

Section 203.1 B of the Building and Loan Code provides: ". . . With the prior approval of the department and the Building and Loan Board, and thereafter, by an amendment to its articles in the regular manner provided by this act, it [an association] may also change its principal place of business to any city, borough or township in the same county of its principal place of business or in a county contiguous to the county of its principal place of business."**

The Building and Loan Code was further amended and supplemented by the Act of September 23, 1959, which added, after Section 13, a new section reading: "Section 14. Exercise of Powers.—Whenever the department or any board thereof is required or authorized by this act to approve or disapprove any action of an association under its supervision, or to exercise any authority or power conferred upon it by this Act in addition to any other standards provided for the exercise of such discretion by this act or any other law, it shall exercise such discretion in such manner as it deems necessary to insure the safe and sound con-

---

* Act of May 5, 1933, P. L. 457, as amended and supplemented by the Acts of December 30, 1955, P. L. 925, and September 23, 1959, P. L. 981, 15 P.S. §§1074-203.1 B and 1074-14.

** It will be noted that unlike Section 204.1 of the Building and Loan Code relating to the establishment of branches by Building and Loan Associations, there is no requirement in Section 203.1 B that in order to approve an application to move an office, the Department and the Board are required to find a need for the proposed additional services or facilities.

duct of the business of any association subject to its supervision, to conserve its assets, to maintain public confidence in the business of such associations and to protect the public interest and the interests of shareholders and other creditors thereof."

In *Cumberland Valley Savings & Loan Association v. Myers*, 396 Pa. 331, 153 A. 2d 466, the Court said (page 333) : "Both the 'Building and Loan Code' and the 'Banking Code' must be construed, as the Legislature undoubtedly intended, in pari materia with the 'Department of Banking Code', Act of May 15, 1933, P. L. 565. Cf. Palmer's Appeal, 307 Pa. 426, 161 A. 543; Cresson Borough v. Seeds, 286 Pa. 288, 295, 133 A. 501; White v. Meadville, 177 Pa. 643, 35 A. 695; Commonwealth ex rel. v. Kline, 294 Pa. 562, 144 A. 750; Statutory Construction Act, May 28, 1937, P. L. 1019, Art. IV, §62, 46 PS §562."

Since neither the relevant portions of the Building and Loan Code, as amended, or of the Department of Banking Code, as amended, provide that the decision of the Building and Loan Board or of the Department of Banking shall be final, conclusive, or otherwise non-appealable, our power to review is on broad certiorari and upon such a review the Court considers the entire record, including all the testimony. Moreover, this Court will not reverse the decision of the Building and Loan Board (or of the Department of Banking as the case may be) if there is adequate evidence to support its findings of fact and the conclusions drawn therefrom, and the proceeding is free from error of law and there has been no clear abuse of discretion, or an excess of power, or a violation of Constitutional rights. *Cumberland Valley Savings & Loan Association v. Myers*, 396 Pa., supra; *Philadelphia Saving Fund Society v. Myers*, 406 Pa. 438, 439-440, 179 A. 2d 209; *Dauphin Deposit Trust Co. v. Myers*, 401 Pa. 230, 235-236, 164 A. 2d 86; *Philadelphia Saving Fund Society*

*v. Banking Board,* 383 Pa. 253, 256, 118 A. 2d 561; *Delaware County National Bank v. Campbell,* 378 Pa. 311, 316-317, 106 A. 2d 416.

In the instant case, the appellants contend (1) that the evidence was inadequate to support the findings and conclusions made by the Building and Loan Board, and (2) that the Board was guilty of a clear abuse of discretion. After reviewing the record, we find no merit in any of appellants' contentions.

Order affirmed.