First Bellefonte Bank and Trust Company, Appellant, *v.* Myers.

Argued January 21, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Arthur Littleton,* with him *Roy Wilkinson, Jr., Martin P. Snyder,* and *Morgan, Lewis & Bockius,* for appellant.

*Frederic G. Antoun,* Deputy Attorney General, with him *Richard M. Woodcock,* Assistant Attorney General, and *David Stahl,* Attorney General, for Secretary of Banking and Commonwealth, appellee.

*Robert K. Kistler,* with him *John R. Miller,* and *Miller, Kistler & Lee,* for interested parties, under Rule 65.

*Wayland F. Dunaway, S. Paul Mazza, Robert L. Rubendall,* and *Willard, Dunaway & Mazza,* and *Hull,*

*Leiby and Metzger,* for interested party, under Rule 65.

OPINION BY MR. CHIEF JUSTICE BELL, March 19, 1963:

The Department of Banking, acting through the Secretary of Banking, *disapproved*\* the application of First Bellefonte Bank and Trust Company for a *branch* bank at 203 East Beaver Avenue, which was located in a shopping center at State College. The Department, after investigation and consideration of the evidence, found that there was not a need for banking services or facilities such as are required by Section 204.1 B of the Banking Code,\*\* as amended.

On appeal from an Order *disapproving an application for a branch bank* where, as here, the statute does not provide that the Department's decision shall be final, conclusive, or otherwise non-appealable, our power to review is on broad certiorari: *Philadelphia Saving Fund Society v. Myers,* 406 Pa. 438, 439-440, 179 A. 2d 209; *Dauphin Deposit Trust Co. v. Myers,* 401 Pa. 230, 235-236, 164 A. 2d 86; *Philadelphia Saving Fund Society v. Banking Board,* 383 Pa. 253, 256, 118 A. 2d 561; *Delaware County National Bank v. Campbell,* 378 Pa. 311, 316-317, 327-328, 106 A. 2d 416. As we said in *Philadelphia Saving Fund Society v. Myers,* supra, at page 440: "Upon review of such an appeal the Court considers the entire record, including all of the testimony. [citing all the above mentioned cases]."

---

\* The Chief Examiner recommended that the application for this branch bank be approved; however, the report and recommendations of the Chief Examiner are only advisory and the decision of the Secretary of Banking is the decision of the Department of Banking. *Blairsville National Bank v. Myers,* 409 Pa. 526, 187 A. 2d 655.

\*\* Act of May 15, 1933, P. L. 624.

Section 204.1 B provides: "When an institution files an application for the establishment of a branch in the same city, borough or village, in which its principal place of business is located, the department, if it finds upon investigation that there is a need for banking services or facilities such as are contemplated by the establishment of such branch and that all other requirements of this section have been met, shall approve the application and issue a letter of authority to the applicant institution.

"Should the department find, after the investigation above provided for, that the institution has not met the requirements of this section governing the application for the establishment of a branch or should it find that *there is not a need for banking services or facilities such as are contemplated by the establishment of such branch,\** it shall disapprove the application and return the same to the institution with a statement of its reasons for doing so. . . ."

In *Philadelphia Saving Fund Society v. Myers,* supra, the Court further said (p. 441): " 'A decision of the Department of Banking or of the Banking Board will be sustained unless it is based upon facts or conclusions which are not adequately supported by the evidence, or it committed a clear abuse of discretion, or exceeded its power, or based its decision, conclusion or Order on an erroneous interpretation of the law: Delaware County National Bank v. Campbell, 378 Pa. 311, 106 A. 2d 416; Cumberland Valley Savings and Loan Association v. Myers, 396 Pa. 331, 153 A. 2d 466; Dauphin Deposit Trust Company v. Myers, 388 Pa. 444, 130 A. 2d 686; Philadelphia Saving Fund Society v. Banking Board of Pennsylvania, 383 Pa. 253, 118 A. 2d 561.' Dauphin Deposit Trust Company v. Myers, 401 Pa. 230, 236, 164 A. 2d 86."

---

\* Italics throughout, ours.

In October, 1960, the Banking Board had refused the application of First Bellefonte Bank and Trust Company for a branch bank in State College approximately three-fourths of a mile away from the location of this proposed branch. While the Secretary of Banking held two hearings sur the present application, we are convinced that he reached his decision to disapprove the present application because of a misconception of Section 204.1 B. That section pertinently provides, "The decision of the Banking Board [either approving or disapproving the action of the department] shall be binding upon the department." The language and meaning of this provision is clear. It means that the decision of the Banking Board shall be binding on the Department *in the particular application* which was at that time before the Banking Board, even though the Secretary of Banking or the Department were of a contrary opinion and had made a contrary decision with respect to that particular application. That provision or sentence did not mean and could not mean, as we believe both the Attorney General and the Secretary of Banking have construed it, that the Banking Board's decision in a particular case should forever bind the Department with respect to subsequent or different applications. The burden is of course upon the applicant to prove a need for banking services or facilities in the trade area. Cf. *Philadelphia Saving Fund Society v. Myers,* 406 Pa., supra, page 440. In this case and in other *similar* cases it will be necessary for the applicant to prove (1) that substantially different circumstances or conditions exist from those which existed at the time and place of the rejected application for a branch bank, and (2) that " 'there is a need for banking services or facilities such as are contemplated by the establishment of such branch [citing cases].' " *Philadelphia Saving Fund Society v. Myers,*

406 Pa., *supra*; cf. also *Blairsville National Bank v. Myers, supra.*

We believe that the conclusion of the Secretary of Banking—viz., that there was no substantial or significant change of circumstances since the Banking Board rejected, two years prior thereto, an application for a branch at a location which was three-fourths of a mile away—was based upon a misconception of the meaning of the aforesaid statutory language, viz., "The decision of the Banking Board shall be binding upon the department."

The case is remanded to the Department of Banking with directions that a rehearing be held and the application be reconsidered in the light of this Opinion.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

I disagree with the majority's interpretation of Section 204.1 B. I would hold that the decision of the Banking Board is binding and relevant only with regard to the particular application under consideration at the time the decision is made. Hence, subsequent applications should be viewed de novo by the Department applying the statutory standards for approval or disapproval thereof.

However, accepting the majority's interpretation of Section 204.1 B, I fail to understand the disposition made of this case. In disapproving the application, the Department applied the majority's interpretation of Section 204.1 B and there is adequate support in the record for its view that there was "no substantial or significant change of circumstances" since the prior application. On what basis then does the majority conclude that the Department was influenced by a different interpretation of Section 204.1 B than the one they purported to follow? If the majority's interpretation of Section 204.1 B is correct, this appeal must be af-

firmed rather than remanded for further consideration by the Department.

I dissent.