Franklin Federal Savings & Loan Association of Pittsburgh, Appellant, *v.* Patterson.

Argued March 22, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harold H. Goldman,* for appellant.

*William M. Steinbach,* Assistant Attorney General, with him *Frederic G. Antoun,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for board, appellee.

*William H. Markus,* with him *Carmen R. Capone,* for association, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 19, 1966:

On December 8, 1964, Homewood Savings and Loan Association* filed an application with the Pennsylvania Department of Banking for authority to establish a branch office at 5857 Forbes Avenue, Pittsburgh, Pennsylvania. On February 2, 1965, the Department approved the application. A protest was filed by Franklin Federal Savings and Loan Association,** appellant herein, whose principal office is located at 5818 Forbes Avenue, almost directly across the street from Homewood's proposed branch office.

A hearing was held before the Building and Loan Board on April 29, 1965. On October 20, 1965, the Board filed an adjudication with findings of fact, discussions and reasons for adjudication, and conclusions of law and order. The Board's Order affirmed the action of the Department of Banking which, **we repeat,**

---

* Hereinafter referred to as Homewood.

** Hereinafter referred to as Franklin.

approved the application of Homewood and directed the Department of Banking to issue a Letter of Authority to Homewood.

On November 17, 1965, Franklin filed a Petition with this Court for a Writ of Certiorari under Rule 68½ of the Rules of the Supreme Court of Pennsylvania. After answers were filed by all parties in interest, we granted the Petition on December 10, 1965.

Franklin contends (1) that the adjudication of the Building and Loan Board was not adequately supported by the evidence; (2) that the Board clearly abused its discretion; and (3) that the Board's action was arbitrary and capricious.

The Building and Loan Code, Act of May 5, 1933, P. L. 457, §204.1, as amended, 15 P.S. §1074-204.1, provides that the Department shall approve such an application ". . . if it finds upon investigation that there is a need for services or facilities such as are contemplated by the establishment of such branch and that all requirements of this section have been complied with . . . ."

In *Cumberland Valley Savings and Loan Association v. Myers*, 396 Pa. 331, 153 A. 2d 466, we said (page 333): "Both the 'Building and Loan Code' and the 'Banking Code' must be construed, as the Legislature undoubtedly intended, in pari materia with the 'Department of Banking Code', . . . ."

The Department of Banking Code, Act of May 15, 1933, P. L. 565, §202, as amended, 71 P.S. §733-202, vests discretion in the Department ". . . to insure the safe and sound conduct of the business of any institution subject to its supervision, conserve its assets, maintain public confidence in the business of such institutions and protect the public interest and the interest of depositors, other creditors and shareholders thereof."

"The Legislature . . . did not exclude or intend to exclude competition between banks; it intended,

inter alia, to exclude such competition as would likely weaken or destroy some banks in an overbanked community and thus weaken or injure the entire banking system, to the detriment of depositors, creditors, stockholders and the public alike." *Delaware County National Bank v. Campbell,* 378 Pa. 311, 325, 106 A. 2d 416.

The decision of the Board ". . . will be sustained unless it is based upon facts or conclusions which are not adequately supported by the evidence, or it committed a clear abuse of discretion, or exceeded its power or based its decision, conclusion or Order on an erroneous interpretation of the law: Delaware County National Bank v. Campbell, 378 Pa. 311, 106 A. 2d 416; Cumberland Valley Savings and Loan Association v. Myers, 396 Pa. 331, 153 A. 2d 466; Dauphin Deposit Trust Company v. Myers, 388 Pa. 444, 130 A. 2d 686; Philadelphia Saving Fund Society v. Banking Board of Pennsylvania, 383 Pa. 253, 118 A. 2d 561." *Philadelphia Saving Fund Society v. Myers,* 406 Pa. 438, 441, 179 A. 2d 209, 211. See also *First Bellefonte Bank and Trust Company v. Myers,* 410 Pa. 298, 188 A. 2d 726; *First Federal Savings and Loan Association of Bellevue v. Myers,* 410 Pa. 294, 188 A. 2d 716.

Upon review of an appeal from the Board's decision ". . . our power to review is on broad certiorari and upon such a review the Court considers the entire record, including all of the testimony." *First Federal Savings and Loan Association of Bellevue v. Myers,* 410 Pa., supra, at page 297. Accord: *First Bellefonte Bank and Trust Co. v. Myers,* 410 Pa., supra; *Philadelphia Saving Fund Society v. Myers,* 406 Pa., supra.

Franklin is undoubtedly a competitor of Homewood and as such has a standing and a right to appeal, even though it is a Federal Savings and Loan Association and Homewood is a State Savings and Loan Association. *Delaware County National Bank v. Campbell,*

378 Pa., supra; cf. also The Building and Loan Code, §204.1, supra.

After a careful review of the record, we find that the facts upon which the Order is based are clearly supported by the evidence and the Board did not exceed its power or commit a clear abuse of discretion or error of law.

Order affirmed.

Mr. Justice COHEN concurs in the result.