Lafayette Trust Bank, Easton National Bank and Trust Company, and The Northampton National Bank, Appellants, *v.* Commonwealth of Pennsylvania, Department of Banking, Appellee, and First Valley Bank, Intervening Appellee.

Argued February 4, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William M. Young, Jr.,* with him *Francis B. Haas, Jr.* and *McNees, Wallace & Nurick,* for appellants.

*Edward L. Symons, Jr.,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

*Roland Morris,* with him *Franklin S. Van Antwerpen, Duane, Morris & Heckscher* and *Hemstreet, Smith and Van Antwerpen,* for intervening appellee.

OPINION BY JUDGE WILKINSON, April 17, 1974:

This is an appeal from an adjudication of the Department of Banking made on August 21, 1973, approving the application of intervening appellee, First Valley Bank, for a letter of authority to establish a branch at 61 North Third Street, Easton, Pennsylvania. Inter-

vening appellee had previously, on May 8, 1972, applied for approval of a branch at this same location. Prior to that time, on April 5, 1972, it had applied for a branch at Third and Ferry Streets in Easton, nearby the present site, but this application had been withdrawn when one of the protesting appellants, Easton National Bank and Trust Company, prevailed upon the owners of the location to give it preference as a site for a proposed branch it wished to establish. Intervening appellee's application of May 8, 1972, for a branch at 61 North Third Street, was denied by the Department of Banking on July 18, 1972, without holding a hearing.

On October 30, 1972, intervening appellee filed with the Department of Banking its re-application for a letter of authority to establish a branch at 61 North Third Street. The application was protested by the three appellants. Hearings were held by the Department on February 23 and February 28, 1973. The Department of Banking, on August 21, 1973, approved the bank application and filed its order, amply supported by findings of fact and conclusions of law. It is from this order that the appeal pending before us was taken.

Appellants rely heavily on *First Bellefonte Bank and Trust Company v. Myers,* 410 Pa. 298, 188 A. 2d 726 (1963). Such a reliance is misplaced, for the protestants in *First Bellefonte* took the position that the earlier rejection of a similar application from the same bank was res judicata. This position, being essentially the position of appellants, was rejected by both the majority and the dissent. In *First Bellefonte,* on the first application, a full hearing was held. In the instant case, there was *no hearing* on the first application. In our view, *First Bellefonte* stands for two propositions. First, res judicata does not apply when a new application is filed after one has been rejected. Second, if a hearing was held on the first application,

then at the hearing on the second application, evidence must be produced that there has been a change of circumstances and that there is a need. Indeed, Chief Justice BELL particularly emphasized this point when he italicized "similar" in his statement: "In this case and in other *similar* cases. . . ." *First Bellefonte Bank and Trust Company v. Myers,* 410 Pa. at 302, 188 A. 2d at 728.

The other basis for appellants asking this Court to reverse the order of the Department of Banking is that the record does not contain evidence sufficient to support the findings of fact and conclusions of law. Judge MENCER'S opinion in *First National Bank of Pike County v. Department of Banking and Bank of Matamoras,* 7 Pa. Commonwealth Ct. 603, 300 A. 2d 823 (1973), ably sets forth the law with regard to our limited scope of review and makes it unnecessary to re-summarize it here. Both the cases for the intervening appellee and the protestants-appellants were carefully prepared and presented at the hearings and on appeal before this Court. There is ample evidence in the record to support a decision that would find for either party.

No good purpose would be served by here reviewing the testimony. The Secretary of Banking, by making 33 findings of fact, each supported by specific testimony, albeit many with other testimony to the contrary, as well as 13 well-reasoned conclusions of law, has ably and clearly set forth his basis for and rationale behind granting the application. When supported by the record, as we find here, this was his prerogative.[1]

---

[1] For example, protestants-appellants assert that the Department was incorrect in its fourteenth finding of fact that First Valley Bank appears to be the only bank offering floor plan loans in the Easton market. Protestants-appellants claim the testimony shows that protestant, Easton National Bank and Trust Company,

The order of the Department of Banking, in approving the application of First Valley Bank, Lansford, Carbon County, Pennsylvania, for a letter of authority to establish a branch at 61 North Third Street, Easton, Northampton County, Pennsylvania, is affirmed.

---

is the largest floor plan lender in the city. Neither the Department nor this Court so interprets the testimony. Protestants-appellants' witness, who at one point so testified, when questioned further, reconsidered his answer, saying that he had misunderstood the question. He then testified that floor plan loans required a great volume of paperwork and were not handled by the commercial loan section of his bank because greater control had to be exercised.

---

CONCURRING OPINION BY JUDGE BLATT:

The decision of our Supreme Court in *First Bellefonte Bank and Trust Company v. Myers,* 410 Pa. 298, 188 A. 2d 726 (1963), was essentially governed by that portion of Section 204.1B of the Banking Code of 1933, Act of May 15, 1933, P. L. 624, which provided: "The decision of the Banking Board [either approving or disapproving the action of the department] shall be binding upon the department." This provision, however, was omitted from the Banking Code of 1965, Act of November 30, 1965, P. L. 847, which is now in effect.

As a result, it seems immaterial to me whether *First Bellefonte, supra,* is interpreted as the majority interprets it in this case or as Judge MENCER interprets it in his dissent. The significant fact, it seems to me, is that the Banking Code now applicable does not contain the provision (Section 204.1B) cited as governing in *First Bellefonte, supra,* and therefore, that a decision of the Department of Banking is no more and no less entitled to res judicata status than is the decision of any other administrative agency.[1]

---

[1] *West Penn Power Company v. Pennsylvania Public Utility Commission,* 174 Pa. Superior Ct. 123, 100 A. 2d 110 (1953); *Whit-*

I would, therefore, concur in the result reached by the majority.

*ford Liquor License Case*, 166 Pa. Superior Ct. 48, 70 A. 2d 708 (1950) ; *Perkasie Sewer Co. v. Pennsylvania Public Utility Commission,* 142 Pa. Superior Ct. 262, 16 A. 2d 158 (1940).

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. My understanding of the holding in *First Bellefonte Bank and Trust Company v. Myers,* 410 Pa. 298, 188 A. 2d 726 (1963), is that where the Banking Board has in the past, with or without hearing, rejected an application for a branch bank and the applicant subsequently makes another application for a branch bank in the same area, it has the burden of proving (1) that substantially different circumstances or conditions exist from those which existed at the time and place of the rejected application for a branch bank, and (2) that there is a need for banking services or facilities such as are contemplated by the establishment of such branch.

My reading of the record in this case fails to convince me that the applicant here met its burden relative to the requirement numbered (1) above.

Judge CRUMLISH, JR., joins in this dissent.