454

Farmers Bank of Kutztown and The Kutztown National Bank, Appellants, *v.* Commonwealth of Pennsylvania, Department of Banking, Appellee, and American Bank and Trust Company of Pennsylvania, Intervening Appellee.

Argued January 8, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William M. Young, Jr.,* with him *Francis B. Haas, Jr.,* and *McNees, Wallace & Nurick,* for appellant, Farmers Bank.

*Robert L. Rubendall,* with him *William H. Wood* and *Metzger, Hafer, Keefer, Thomas* and *Wood,* for appellant, Kutztown Bank.

*Marvin M. Witofsky,* Assistant Attorney General, with him *Edward L. Symons, Jr.,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

*Raymond Pearlstine,* with him *Rosemary M. Flannery* and *Wisler, Pearlstine, Talone, Craig & Garrity,* for intervening appellee.

OPINION BY JUDGE CRUMLISH, JR., February 28, 1975:

Farmers Bank of Kutztown and The Kutztown National Bank, Appellants (Farmers and Kutztown National) appeal an order of the Commonwealth of Pennsylvania, Department of Banking (Department), dated May 7, 1974, approving the application of American Bank and Trust Company, Intervening Appellee (American) for a letter of authority to establish a branch office in Kutztown, Berks County, pursuant to the Banking Code of 1965, Act of November 30, 1965, P.L. 847, 7 P.S. §101 et seq.

On June 2, 1972, American applied to Department for a letter of authority to establish a branch office in Kutztown. Farmers, Kutztown National and the Bernville Bank protested. Without hearing this application was denied.

American then filed a reapplication, at issue in the present appeal. Farmers' and Kutztown National protested. Bernville did not. Hearings were held on July 25 and August 2, 1973. On May 7, 1974, Department approved the reapplication. Kutztown National and Farmers' sought reconsideration, which prayer was rejected. They appealed Department's order to us.

Appellants, in four arguments, contend that Department erred in its order approving the letter of authority in that

1) no substantial evidence exists to support the finding by Department that there is a need for the branch office; and

2) it ignored the anti-competitive effect of its order; and

3) the adjudication is faulty in that it was not timely filed; and

4) administrative res judicata bars consideration of the application.

Appellants' first argument must be rejected. In *First National Bank of Pike County v. Department of Banking and Bank of Matamoras,* 7 Pa. Commonwealth Ct. 603, 608-609, 300 A. 2d 823, 826 (1973), Judge MENCER clearly met this precise issue when he wrote "[t]he test or standard for the grant or refusal of a branch bank is whether there is a need of the community to be served for banking services or facilities such as are contemplated by the establishment of such branch . . . [t]he term, 'services or facilities,' is broadly inclusive and embraces everything, both tangible and intangible, that will be made available by the bank. . . ." (Citations omitted.)

Here, as in *First National Bank of Pike County, supra,* a voluminous record was made for our review to determine whether there is substantial evidence to support a finding of need. It would be unnecessarily repetitive to reiterate the judicially-recognized expertise of the Department of Banking, *see e.g. Blairsville National Bank v. Meyers,* 409 Pa. 526, 533-34, 187 A. 2d 655, 659 (1963) ; *First National Bank of Pike County v. Department of Banking and Bank of Matamoras, supra,* but suffice it to say that in our thorough examination of this complex morass of evidence adduced at the hearings, unhesitatingly we find that the Department properly found substantial evidence to support its conclusion that, in fact, a need did exist. Typical evidence in the record is testimony that the unsecured lending limit of American to any one customer is in excess of $600,000 which is far beyond that which Appellants could offer, and that American offers an established trust department facility which would bring additional competition to a locality where this vital ingredient of the banking industry is presently monopolized by one of Appellants.

Next, Appellants urge that Department erred in ignoring the anti-competitive effect of its order. This is simply inaccurate. Findings of fact numbers 21 and 22 state: " (21) Existing financial institutions in the area are profitable and their total deposits have been growing consistently. Entry of a new competitor would not significantly affect their profitability. (22) the establishment of the proposed branch of the Applicant would not result in an overbanked condition and would not have an adverse effect on Protestants or other financial institutions in the service area."

Appellants and Appellees have extensively briefed the anti-trust implications of the possible anti-competitive result of the existence of this branch. Department has, by its findings, established that it was concerned with the anti-trust implications and that it considered,

in rendering this adjudication, the purpose of "remaining competitive" as enunciated by the Banking Code in Section 103(a)(v), 7 P.S. §103(a)(v). It is clear to us that Department in making two findings of fact which relate directly to the effect which entry by a new branch into the service area will have on the profitability of the banks currently servicing that area, did consider the competition factor in its decision.

Next we consider the question of the timeliness of Department's adjudication. Section 905(c), 7 P.S. §905(c) provides in relevant part: "(c) Within sixty days after receipt of the application or such longer period as may be required for any hearing which the department may hold, the department shall . . . approve the application if it finds that there is a need. . . ."

.Appellants suggest that Section 905(c) means that after a Department hearing it shall have, at most, sixty days to render its decision. We disagree for several reasons. First, commentary to Section 905(c) of the Banking Law Commission indicates to us that where the Department holds hearings, the sixty day provision is inapplicable. The comment states, "[s]ubsection (c) provides for action by the department within sixty days after receipt of an application *but the time may be extended if the department holds hearings. . . .*" (Emphasis added). This is not to say "this time may be extended to sixty days after the conclusion of the hearing" as Appellants argue. And second, the intent of this subsection is to prevent delay and to compel an expeditious ruling. Where Department holds no hearings, as in the case of American's initial application, there is no need to re-examine voluminous records and sift expert opinion, and so in that instance, the decision should and must be made within sixty days. Where the sixty day provision was not appended to the clause providing for hearings, we believe the legislature foresaw the potential difficulties involved in transcribing and analyzing the vast

amounts of evidence and materials following hearings on an application. The only plausible reading of Section 905(c) leads us to hold that the sixty day provision is non-operative when a hearing has been held by Department.

Parenthetically, we observe that the Department delayed its decision while awaiting our recently decided *Lafayette Trust Bank v. Department of Banking,* 13 Pa. Commonwealth Ct. 111, 318 A. 2d 396 (1974). The practicality of our interpretation of Section 905(c) is seen in the obvious economy of time, talent and energy of all participants in the litigation. Awaiting *Lafayette* accomplished this end.

Finally, Appellants argue that the doctrine of administrative res judicata barred reapplication. Judge WILKINSON in *Lafayette Trust Bank v. Department of Banking, supra,* laid this argument to rest in determining that the initial application upon which no hearing was convened could not serve to bar the subsequent reapplication. The short of it is that *Lafayette* is dispositive.

Consistent with the foregoing, we affirm the order of the Department of Banking and dismiss this appeal.