Pennsylvania Hearing Aid Dealers Association, Inc. et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Health et al., Respondents.

Argued June 2, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*James L. Walsh, Melman, Gekas, Nicholas and Lieberman,* for petitioners.

*Reed Hamilton,* Chief Counsel, with him *Christine Dutton,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE MENCER, August 18, 1980:

The Pennsylvania Hearing Aid Dealers Association, Inc., and three hearing aid fitters (plaintiffs) filed this petition for review in the nature of mandamus, praying this Court to command the Department of Health and the Secretary of Health (Department) to require all physicians and audiologists engaged directly or indirectly in the sale of hearing aids to take and pass an examination as a precondition to selling hearing aids. The Department here raises, by preliminary objection, issues of standing and demurrer for failure to state a cause of action. For reasons which follow, we sustain the demurrer.

Section 301 of the Hearing Aid Sales Registration Law (Act), Act of November 24, 1976, P.L. 1182, 35 P.S. §6700-301, provides for two types of registration certificates: (1) a certificate for a "hearing aid fitter" for those persons engaged in the practice of fitting and selling hearing aids[1] and (2) a certificate for a "hear-

---

[1] 'Practice of fitting and selling hearing aids' means those practices used solely for the purpose of making selections, adaptations and sale of hearing aids.

ing aid dealer'' for those persons engaged in the business of selling hearing aids.[2]

Under Section 302 of the Act, 35 P.S. §6700-302, the Department may require proof "concerning the honesty, truthfulness and good reputation of the applicant" for either type of certificate but, in addition, must administer a "practical examination compiled by the department" to any "applicant for a hearing aid fitter's certificate." An applicant for a hearing aid dealer's certificate is not required to take an examination. 28 Pa. Code §25.205.

Section 309 of the Act, 35 P.S. §6700-309, excludes physicians and audiologists from the requirement to register under the Act, unless they engage in the "sale or offering for sale of hearing aids.'"[3] Consequently,

---

Section 103 of the Act, 35 P.S. §6700-103.

'Fitting' includes the physical acts of adjusting the hearing aid to the individual, taking audiograms, and making ear molds, advising the individual with respect to hearing aids, audiogram interpretation, and assisting in the selection of a suitable hearing aid for the sole purpose of the sale of a hearing aid.

*Id.*

[2] 'Business of selling hearing aids' means selling, leasing, or offering for sale or lease new, used, or reconditioned hearing aids exclusive of parts, attachments, or accessories, at retail, either as exact replacements for damaged or worn out units or pursuant to written specifications provided by an audiologist, otologist, or otolaryngologist but shall not include fitting or the practice of fitting and selling of hearing aids.

*Id.*

[3] The language of Section 309 reads:

This act does not apply nor affect any physician or surgeon licensed under appropriate licensing laws or to an individual supervised by such physician or surgeon, who does not directly or indirectly engage in the sale or offering for sale of hearing aids, nor to any audiologist or to an individual supervised by such audiologist in conducting fitting procedures and who does not directly or indirectly engage in the sale or offering for sale of hearing aids.

the practice of the Department is to wholly exempt from the Act those physicians and audiologists who do not sell hearing aids and to require those who do sell hearing aids to acquire a hearing aid dealer's certificate, which can be obtained without an examination. Plaintiffs have challenged this practice in their petition, and the preliminary objections of the Department are now before us for resolution.

We are faced initially with the question of whether plaintiffs have standing to bring this action. The traditional test for standing is the requirement that plaintiffs' interest in the matter be direct, substantial, immediate, and not a remote consequence of the Department's practice. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975).

Plaintiffs here allege competitive injury caused by the Department's practice of allowing physicians and audiologists to obtain a dealer's certificate without requiring them to take the examination. This Court has recently determined that, where a party alleges competitive injury, "such parties have standing only where the alleged competition is prohibited by a regulatory scheme in which both parties participate." *Pennsylvania Petroleum Association v. Pennsylvania Power & Light Co.,* 32 Pa. Commonwealth Ct. 19, 26, 377 A.2d 1270, 1273 (1977), *aff'd,* 488 Pa. 308, 412 A.2d 522 (1980). Likewise, here, the physicians, audiologists, and plaintiffs are subject to a regulatory scheme, encompassed by the Act and its regulations,[4] in which all participate. *See also Franklin Federal Savings & Loan Association v. Patterson,* 421 Pa. 409, 218 A.2d 724 (1966); *Delaware County National Bank v. Campbell,* 378 Pa. 311, 106 A.2d 416 (1954).

Moreover, we believe that this case is factually similar to and controlled by *Elemar, Inc. Liquor Li-*

---

[4] The regulations for the Act are found at 28 Pa. Code §§25.201-.215.

*cense Case,* 44 Pa. Commonwealth Ct. 515, 404 A.2d 734 (1979). In *Elemar,* several associations, comprised of competing licensed businesses, brought an action to enforce the Pennsylvania Liquor Control Board's suspension of three competitors' licenses. In determining that the associations had standing, we reasoned: "The associations were competitors of licensees, and the licensees' adjudicated violation of the Liquor Code permitted them to engage in unfair competition." *Id.* at 522, 404 A.2d at 738. Similarly, here, plaintiffs are competitors of physicians and audiologists, and the physicians' and audiologists' alleged violation of the Act permits them to engage in unfair competition. Thus, we conclude that plaintiffs have standing to challenge the Department's policy.

The Department has demurred to plaintiffs' argument that physicians and audiologists must take an examination in order to sell hearing aids. It is well settled that a demurrer "admit[s] the facts for the *sole purpose* of testing the legal sufficiency of the challenged pleading; what it says in effect is that even if the facts set forth be true they do not constitute a legal claim. . . ." *Dippel v. Brunozzi,* 365 Pa. 264, 269, 74 A.2d 112, 115 (1950) (emphasis in original). *See also Vance v. Kassab,* 15 Pa. Commonwealth Ct. 328, 325 A.2d 924 (1974). We believe that the facts, as pleaded by plaintiffs, are not sufficient to constitute a legal claim.

The regulations promulgated pursuant to Section 205 of the Act, 35 P.S. §6700-205, clearly state that "physicians, surgeons, and audiologists are *exempted from all provisions regarding hearing aid fitters.*" 28 Pa. Code §25.201 (emphasis added). As noted above, only applicants for a fitter's certificate need pass an examination and, since physicians and audiologists are exempt from obtaining a fitter's certificate, it necessarily follows that physicians and audiol-

ogists are exempt from taking and passing an examination. Physicians and audiologists wishing to sell hearing aids need apply only for a dealer's certificate, which may be obtained without an examination. The Attorney General reached this same conclusion in Attorney General Opinion No. 78-9, 8 Pa. B. 18:

> It is our opinion, and you are so advised, that the legal effect of §309 is to exclude all physicians, surgeons and audiologists from the requirement of taking the examination to become hearing aid fitters, and only to require these professionals to be licensed as hearing aid dealers should they engage directly or indirectly in the sale or offering for sale of hearing aids.

Under plaintiffs' interpretation of the statute, physicians and audiologists who fit, but do not sell, need not take the examination; those physicians and audiologists, however, who sell, but do not fit, must take the examination. Since the purpose of the examination is to insure that the *fitter* has a thorough knowledge of eight areas related to ear testing and fitting, Section 302 of the Act, such an interpretation is absurd and unreasonable. Moreover, under plaintiffs' view, a physician would be placed in the awkward position of being able to fit a patient with a hearing aid without passing an examination that tests fitting competence but could not sell hearing aids to patients without demonstrating that he is capable of fitting them. We reject this interpretation of the Act. 1 Pa. C.S. §1922 (1). The legislature obviously believes that the license already held by physicians and audiologists is adequate proof of their competence to fit patients with hearing aids.

Accordingly, we enter the following

## Order

And Now, this 18th day of August, 1980, the demurrer of the Department of Health in the above cap-

tioned matter is hereby sustained, and the petition for review filed by plaintiffs in the above captioned matter is hereby dismissed.