## Wynnewood Company v. the Board of Supervisors of Whitemarsh Township and Whitemarsh Township

*Edward J. Hughes* and *John G. Kaufman*, for Wynnewood Company.

*Stuart N. Cohen*, for Board of Supervisors, Whitemarsh Township.

*Ross Weiss*, for Whitemarsh Township.

STANZIANI, *J.*, October 8, 1980—

### SUMMARY

On June 30, 1980, Wynnewood Company, (hereinafter the landowner), filed a notice of appeal from the decision of the Board of Supervisors of Whitemarsh Township, (hereinafter the board), and Whitemarsh Township dated June 5, 1980, denying landowner's application for final subdivision approval with regard to a 6.7 acre tract of land situate at or near Barren Hill Road (Cedar Grove Road), Whitemarsh Township. Argument was heard before the Honorable Joseph H. Stanziani and the Honorable Horace A. Davenport on September 2, 1980. The matter is now before the court for consideration.

## ISSUE

Whether the board properly denied landowner's application for final subdivision approval?

## DISCUSSION

Initially, it must be noted that, in the instant case, the court took no additional evidence. Therefore, our review shall be limited to a determination of whether the board abused its discretion or committed an error of law in denying the landowner's application.

On August 31, 1978, the landowner's subdivision plan for the 6.7 acre tract received the board's preliminary approval subject to certain conditions. In January 1980, the landowner submitted a final plan for the board's approval. The plan was reviewed by the township engineer, zoning officer and planner, and in a memorandum dated April 7, 1980, the township planner outlined the defects which were found to exist. Subsequently, in May, 1980, the landowner submitted two sets of revised plans. These plans were again reviewed by the township staff, and in a memorandum dated June 30, 1980, the defects found were again enumerated. On the basis of the findings of the township staff the board denied the landowner's application for final approval.[1]

Pursuant to the Municipalities Planning Code, when a preliminary application has been duly approved, the applicant shall be entitled to final

---

1. The findings of the township staff, submitted in memorandum form, were properly relied upon by the Board and were properly incorporated into its decision. In accordance with §508(2) of the Municipalities Planning Code, 53 P.S. §10508(2), the memorandum sets forth in detailed fashion the defects which were found to exist and the statute, ordinance or regulation which was being violated as a result of each defect.

plan approval in accordance with the terms of the approved preliminary application. Ridgeview Associates v. The Board of Supervisors of Lower Paxton Township and Pleasant Hills Community Club, 17 Pa. Commonwealth Ct. 454 (1975); 53 P.S. §10508(4). However, the facts in the instant case dictate a contrary result.

First, the landowner's revised final plan does not conform to its preliminary plan. The landowner's preliminary plan gave the impression that the subject area could be easily developed. However, when the revised final plan was presented, dramatic differences in contour were revealed for the first time. In fact, the differences were sufficiently significant to suggest that the landowner may have been attempting to mislead the board. Second, the revised final plan described numerous other defects including ones relating to on-lot grading and the existence of excessively steep slopes. These defects were not present nor discoverable in the landowner's preliminary plan by virtue of the fact that greater detail is required for final plans.[2] Again the statute, ordinance or regulation[3] which was being violated in each instance was set forth with specificity by the township staff in its memorandum.

---

2. See Sections 620-625 (requirements for preliminary plans) and Section 630-634 (requirements for improvement construction plans) of Article VI of the Whitemarsh Township Subdivision Regulations for comparison.

3. The regulations relied upon by the township staff and the board are valid. They were adopted in accordance with the township subdivision ordinance and only the regulations have been amended by resolution; the ordinance has remained unchanged. Further, the regulations in question were adopted prior to the effective date of the Municipalities Planning Code (January 1, 1969); therefore, their validity is preserved by virtue of §103, 53 P.S. §10103.

Therefore, upon review we find the Board properly denied the landowner's application for final subdivision approval.

## ORDER

And now, October 8, 1980, upon consideration of the briefs and arguments of counsel, the appeal of Wynnewood Company is dismissed and the decision of the Board of Supervisors of Whitemarsh Township is hereby affirmed.